Diez, Demandante y Apelante, v. Green et al., Demandados y Apelados.

Apelación procedente de la Corte de Distrito de Mayagüez en pleito sobre nulidad de escritura.

No. 2769.—Resuelto en febrero 19, 1924.

Prescripción Interrumpida.—La interposición de la demanda durante el período de prescripción interrumpe ésta aunque el tribunal carezca de jurisdicción para conocer de la acción.

Nulidad de Hipoteca—Mandato.—En el presente caso el mandatario reconoció que su mandante adeudaba a Enrique O. Green la cantidad de $5,000 y para garantizar el pago constituyó hipoteca sobre finca de su mandante, cuya nulidad demandó luego éste bajo el fundamento de no ser cierta la deuda y carecer el mandatario de facultades. *Se resolvió:* que conteniendo el poder facultad para otorgar hipotecas y suscribir pagarés, entre otras, no procede la declaración de nulidad solicitada.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. H. R. Francis* y *G. López de Victoria.*

Abogado de los apelados: *Sr. A. A. Vázquez.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

Por escritura pública de primero de junio 1914 José B. Pérez como apoderado de don Antonio Diez González reconoció que su mandante era en deber la cantidad de $5,000 a Enrique O. Green, pagaderos dentro de un año, y para garantizarlos le hipotecó la finca nombrada "Mallorquina" propiedad de Diez. Esa escritura fué inscrita en el registro de la propiedad el 17 de junio del mismo año y don Antonio Diez González presentó en diciembre de 1920 la demanda que motiva esta apelación contra José B. Pérez y contra Enrique O. Green a fin de que se declarase la nulidad de dicha escritura de hipoteca y se cancelara su inscripción en el registro de la propiedad, alegando no ser cierto que debiera en dicha fecha cantidad alguna a Green, como constaba a ambos demandados: que su apoderado no estaba autorizado para tomar dinero a préstamo ni para reconocer deudas inciertas y que no tuvo conocimiento de la hi-

poteca y de su inscripción hasta el 27 de abril 1917. José B. Pérez contestó confesando todo lo expuesto en la demanda y Enrique O. Green alegó serle debida esa cantidad y que para garantía de su pago fué constituído el contrato de hipoteca, cuyo contrato fué posteriormente reconocido y admitido como legítimo por el demandante quien quedó comprometido a pagar los $5,000 y sus intereses dentro del término de un año. Como defensa alegó la prescripción de la acción que se ejercita.

Celebrado el juicio y dictada sentencia en contra del demandante éste interpuso el presente recurso de apelación.

Como uno de los fundamentos de la sentencia apelada es que la acción de nulidad que se ejercita ha prescrito por haberse presentado la demanda en 1920, después de cuatro años de haber sido otorgado el contrato, consideraremos en primer término esta cuestión porque si el término de la prescripción de la acción de nulidad ha vencido ésta será motivo suficiente para confirmar la sentencia.

Se trató de probar en el juicio que el demandante tuvo conocimiento de la escritura de hipoteca el mismo año 1914 en que fué otorgada y así lo declaró probado el tribunal inferior, pero esto no tiene importancia en este caso porque el demandante ejercitó la misma acción de nulidad en junio 4, 1917 ante el Tribunal de Distrito de los Estados Unidos para Puerto Rico; y aunque en la apelación contra la sentencia que en ese pleito recayó se declaró que dicho tribunal carecía de jurisdicción para conocer del mismo, tal pleito, aunque establecido en un tribunal sin jurisdicción, interrumpió la prescripción de la acción de acuerdo con el artículo 1874 del Código Civil, preceptivo de que la prescripción de las acciones se interrumpe por su ejercicio ante los tribunales, por reclamación extrajudicial del acreedor y por cualquier acto de reconocimiento de la deuda por el deudor. *Sorrell* v. *Laurent,* 27 La. Ann. 70.

Resuelta esta cuestión veamos si el apoderado estaba facultado para celebrar el contrato cuya declaración de nulidad es objeto de este pleito.

El poder notarial que en 1913 otorgó el demandante a favor de su yerno José B. Pérez, vigente cuando celebró el contrato de hipoteca en nombre de su mandante con Green, le faculta para que adquiera y enajene bienes muebles o inmuebles por el precio y condiciones que estipulare: para que otorgue, acepte, cesione y cancele toda clase de derechos reales, ya sean de hipoteca, censos o cualesquiera otros: para que suscriba, endose y proteste letras de cambio, pagarés, cheques y cualesquiera otra clase de mandatos de pago y documentos mercantiles y acepte los documentos relacionados: para que dé en arrendamiento bienes inmuebles por más de seis años, reciba los cánones por más de tres anualidades y convenga que dichos contratos sean inscritos en el registro de la propiedad: para que retire de los bancos o de cualesquiera otras sociedades las cantidades que en ellos tenga impuesta el poderdante, ya sea en depósito, en cuenta corriente o por cualquier otro concepto: para que constituya compañías mercantiles y las disuelva o las liquide con las mismas facultades y poderes que la ley confiere al poderdante para la constitución, disolución y liquidación de dichas sociedades: para que administre todos sus bienes, recolecte y venda las cosechas de ellos, ya estén pendientes, ya estén almacenadas y recogidas; celebre contratos de préstamos agrícolas, nombre y separe empleados y para que dentro de la administración tenga las facultades que tendría el poderdante para ello: para que exija rendición de cuentas y las apruebe o impugne, dé recibos de las cantidades que perciba, o conceda para el pago de ellas quita o espera, o ambas cosas a la vez: para que sustituya libremente el poder; para que nombre abogados que se encarguen de la defensa del poderdante y para que otorgue en documentos públicos o privados los

contratos que se realicen por virtud o con ocasión de este mandato.

Las mencionadas facultades conferidas al apoderado demuestran por sí mismas que don Antonio Diez no sólo confirió a José B. Pérez un poder amplio y general para actuar en su nombre sino que expresamente le confirió facultad para otorgar hipotecas, para otorgar en documentos públicos los contratos que realice y para suscribir pagarés, que son documentos en que se reconocen deudas, por lo que no podemos declarar que sea nula la escritura de primero de junio de 1914 en la que el apoderado constituye hipoteca sobre una finca de su mandante para responder a Green del pago de los $5,000 que reconoció estar adeudándole su mandante.

En vista de la conclusión a que llegamos se hace innecesario considerar si el demandante ratificó o no ese contrato de hipoteca en una conversación que tuvo con Green delante de don Carlos V. Urrutia el día 8 de septiembre de 1914.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Hutchison y Franco Soto.