BIENVENIDO FELICIANO, ETC., demandantes y recurrentes, *v.* LA AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADOS DE PUERTO RICO ET AL., demandados y recurridos.

*Número:* R-65-161     *Resuelto:* 24 de junio de 1966

*Mario Báez García,* abogado de los recurrentes; *Rieckehoff, Calderón, Vargas & Arroyo,* abogados de la Autoridad de Acueductos y Alcantarillados de Puerto Rico; *Martínez Muñoz, Agrait Oliveras & Otero,* abogados de Adolfo García.

Sala Segunda integrada por su Presidente el Juez Asociado Señor Belaval y los Jueces Asociados Señores Santana Becerra, Blanco Lugo y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

En 4 de octubre de 1962, Bienvenido Feliciano, en su carácter de administrador de la sociedad de gananciales, instó acción en reclamación de daños por las lesiones sufridas por su esposa en un accidente ocurrido alrededor de diez meses antes. Como partes demandadas figuran la Autoridad de Acueductos y Alcantarillados de Puerto Rico, el Municipio de Mayagüez y el señor Adolfo García. En la misma fecha se expidieron los correspondientes emplazamientos, que no fueron diligenciados hasta el 19 de enero de 1965, en cuanto a la mencionada instrumentalidad gubernamental, y el seis de mayo del mismo año en cuanto al señor García. Ya antes, debido a la falta de actividad de la parte actora, el tribunal de instancia había dictado órdenes en 22 de julio de 1963 y 5 de febrero de 1964 para que se mostraran causas por las cuales no procedía el archivo; la parte demandante expuso razones para ello que se consideraron suficientes para lograr que se continuase la tramitación. (¹)

En 10 de febrero de 1965 la Autoridad solicitó la desestimación de la demanda alegando que la causa de acción había prescrito. Adujo que "Si bien es cierto que nuestro Tribunal Supremo ha dicho que la radicación de una demanda

---

(¹) Las razones aducidas fueron, en 1 de agosto de 1963, la dificultad para emplazar a la parte demandada "la cual se compone de varias personas, pero el demandante ya ha conseguido localizarlas"; y en 7 de febrero de 1964, el traslado del demandante a San Juan.

interrumpe el término de prescripción, entendemos que tal doctrina necesariamente implica que la radicación de una demanda conlleva además el perfeccionamiento del inicio de un pleito. La mera radicación no trae ante la jurisdicción del Tribunal ninguna parte demandada. Entendemos que la mera radicación de una demanda sin perfeccionar el trámite, esto es, sin notificar en término razonable a la parte demandada, no es bastante para interrumpir el término prescriptivo de dicha acción." El tribunal a quo se solidarizó con este planteamiento y accedió a la desestimación solicitada. (2)

█ Preceptúa el Art. 1873 del Código Civil, 31 L.P.R.A. sec. 5303, disposición de *carácter sustantivo* que rige la materia, que la prescripción de las acciones se interrumpe, entre otros casos, por su ejercicio ante los tribunales. Nos hemos manifestado en el sentido de que la interposición de la demanda dentro del período prescriptivo produce efecto interruptivo aunque el tribunal carezca de competencia para entender en la acción, *Diez* v. *Green*, 32 D.P.R. 814 (1924), ó se declare sin lugar la instancia mediante moción de *nonsuit*, *Parrilla* v. *Loíza Sugar Co.*, 52 D.P.R. 241, 247 (1937). Una lectura de las opiniones en los casos citados nos autoriza a señalar que en ellos la parte actora prosiguió los pleitos diligentemente y llevó a cabo las gestiones necesarias para su tramitación. De modo que procede que examinemos la cuestión en la forma escueta en que se plantea ahora.

█ La más moderna glosa contenida en la última edición de Scaevola, *Código Civil* (Instituto Editorial Reus, 1965), t. XXXII, págs. 952–953, nos ofrece la solución al discutir el efecto de la gestión judicial como medio interruptivo, com-

---

(2) El tribunal estimó que el ejercicio de la acción se limitó a la presentación de la demanda y que en tal día comenzó a contarse un nuevo período prescriptivo pues en esa fecha cesaron los efectos del ejercicio de la acción puesto que el demandante cruzóse de brazos y no efectuó ninguna gestión ulterior para proseguir diligentemente el pleito.

parándola desde los puntos de vista de la usucapión y de la prescripción extintiva. (³) Dice:

"Pensamos que no existe contradicción cuando un mismo acto, productor de tal efecto, lo origina en dos momentos distintos, según la clase de prescripción a que afecta. Efectivamente, cuando se pretende interrumpir la usucapión, como lo que con el acto conciliatorio se interrumpe es la posesión que le sirve de base, *no ha de bastar la simple intención de interrumpir que la interposición de la papeleta patentizada*, sino el efectivo impacto en aquella posesión, la inquietud, cese de pacificidad en la posesión que, pacíficamente, debía continuarse para engendrar la adquisición del dominio. En consecuencia, es preciso que lleve al poseedor esa manifiesta inquietud, esa perturbación, esa oposición, en suma, a la posesión pacífica y no interrumpida que venía manteniendo, pues, como dice Planiol, *precisa que en estos casos se haga una interpelación lo suficientemente enérgica para que no quede dude al poseedor acerca de la voluntad del interpelante. De aquí que debe carecer de tales efectos la simple presentación de la papeleta conciliatoria de la que aún no se ha llevado noticia al demandado poseedor. Es, por el contrario, preciso que se le notifique, que se le emplace o cite, para que legalmente pueda conocer la inquietud y ataque que, con la noticia, se trata de producir en su estado posesorio.* Poco importa, por lo mismo, que el Juez que cita sea incompetente, que haya o no avenencia o que el acto se celebre o se intente por el actor sin efecto, porque, de todos modos, ese impacto, oficialmente, se ha producido en la creencia o buena fe, en la pacificidad de la posesión, al producirse, siquiera de hecho, que es lo que importa.

"En cambio, en la prescripción extintiva *no interesa para nada el efectivo conocimiento por parte del deudor beneficiado con la misma, de esa intención impeditiva o interruptora, de su acreedor,* con tal de que, en Derecho, *que es lo que priva ahora,* se *pruebe una voluntad rebelde y contraria de aquél a toda idea de presunción de abandono de la acción llamada a prescribir.* Por ello, presentándose hoy la papeleta de conciliación y el acto o la previa citación al demandado, por circunstancias imputables al

---

(³) *Carbó* v. *Portilla,* 53 D.P.R. 703 (1938). Véanse los Arts. 1845 y 1846 del Código Civil, 31 L.P.R.A. secs. 5266 y 5267, y *Sucn. Rosa* v. *Sucn. Jiménez,* 77 D.P.R. 551 (1954) y *Calderón* v. *Sociedad de Auxilio Mutuo,* 42 D.P.R. 414 (1931).

Juzgado, no se celebra hasta que transcurran dos años, una prescripción que sólo se funda en el no ejercicio de la acción, ya no puede producirse, *porque se interrumpe—mejor, se impide—a consecuencia de la interferencia de un expreso acto, judicialmente constatado, demostrativo de que la acción no quiso abandonarse y el ejercicio de nuestros derechos se ha producido en sazón.*

"Esto nos autoriza a concretar aquí, en el caso de prescripción adquisitiva, que se interrumpirá el transcurso desde que el demandado haya sido citado en forma—o se haya dado por citado—, prescindiendo también de toda idea de efectiva celebración del acto—pues, de otro modo, el intentado sin efecto, tampoco tendría eficacia para interrumpir la posesión—porque la citación produce, de por sí, el efecto perseguido y desde el instante en que tiene lugar. *En la prescripción extintiva, desde la efectiva presentación de la demanda, cualquiera que sea la fecha que la misma contenga y cualquiera también que sean las vicisitudes posteriores a tal presentación, porque ya de por sí sirve al efecto que se persigue de manifestar la oposición a una legal presunción de abdicación o abandono del concreto derecho.*" (Énfasis nuestro.)

En términos parecidos se pronuncian Castán Tobeñas, (4) Puig Peña (5) y Manresa. (6) Véanse, además, las sentencias del Tribunal Supremo de España de 9 de noviembre de 1954, 19 de febrero de 1945, 14 de febrero de 1928 y 28 de junio de 1926.

La interventora nos urge que adoptemos la interpretación de algunas cortes federales que sostienen que para que la interposición de la acción judicial logre el efecto interruptivo no basta con la sola presentación del pleito sino que, conforme a la Regla 4(a), es necesario además que se notifique a la parte demandada. *Hoffman* v. *Wair*, 193 F.Supp. 727 (1961), y casos citados a la pág. 733. Irrespectivamente de las diferencias existentes en los estatutos sobre la interrupción de la prescripción de las acciones, cf. *Sylvester* v. *Messler*,

---

(4) *Derecho Civil Español, Común y Foral* (1963), t. 1, vol. 2, págs. 847–848.

(5) *Tratado de Derecho Civil Español* (1958), tomo I, vol. II, pág. 449.

(6) *Comentarios al Código Civil Español* (ed. 1951), t. XII, págs. 954–958.

246 F.Supp. 1 (1964); *Mich. State Acc. Fund.* v. *Catsman Co. Incorporated,* 136 N.W.2d 21 (1965); *Sylvestri* v. *Warner & Swasey Co.,* 244 F.Supp. 524 (1965); *Burns* v. *Lewis,* 192 N.E.2d 213 (1962), nuestra tradición civilista requiere una solución contraria, pues el fundamento reconocido de la interrupción es la manifestación inequívoca de quién, amenazado con la pérdida de su derecho, expresa su voluntad de no perderlo. Por otro lado, tratándose de un precepto sustantivo, dudamos que cualquier interpretación de una disposición procesal, pueda vulnerar su eficacia.([7]) Es significativo que bajo la anterior Regla 4(c) de Enjuiciamiento Civil de 1943, por la cual se requería que se diligenciara el emplazamiento dentro de noventa días de su expedición, sostuvimos que este término era directivo, y que a su expiración podía autorizarse un nuevo emplazamiento. *Salas* v. *Cabassa,* 69 D.P.R. 457 (1958).

■ Conviene advertir que esta norma sobre el efecto interruptivo que produce la mera radicación de la demanda no constituye una licencia para demorar injustificadamente la determinación de la responsabilidad de un obligado ya que tanto la Regla 39.2 de las de Procedimiento Civil de 1958 como la 11(a) de las de Administración proveen para la desestimación del pleito cuando no se prosiguiere con diligencia o se dejare de efectuar el trámite correspondiente. Véase, comentarios a la Regla 4.3 en *Práctica Forense Puertorriqueña,* Vol. 1, pág. 18. En el presente caso el tribunal, advertido de la inactividad de la parte demandante, dictó las órdenes correspondientes sobre mostración de causas por las cuales no procedía decretarse el archivo y ante los planteamientos héchosle, en el uso de su discreción permitió la continuación de la gestión judicial. No nos corresponde ahora,

---

([7]) Conforme a la Sec. 6 del Art. V de la Constitución del Estado Libre Asociado de Puerto Rico, las reglas procesales que se adopten por el Tribunal Supremo no pueden menoscabar, ampliar o modificar derechos sustantivos de las partes.

ni correspondía al juez de instancia al resolver la solicitud de desestimación, pasar sobre el ejercicio de discreción de sus predecesores.

■ *De Jesús* v. *De Jesús*, 37 D.P.R. 152 (1927) y *Parrilla* v. *Loíza Sugar*, 52 D.P.R. 241, 247 (1937), disponen del planteamiento al efecto de que un nuevo término prescriptivo comenzó a correr a partir de la fecha de la interposición de la demanda. Es claro que el nuevo término comienza a contar desde que concluye la acción litigiosa cuya iniciación interrumpió el plazo prescriptivo. Entre las causas de terminación está la desestimación por abandono, pero como hemos visto, tal circunstancia no ha acontecido en el presente caso.

*Se revocará la sentencia dictada por el Tribunal Superior, Sala de Mayagüez, en 1 de junio de 1965, y se devolverá el caso para ulteriores procedimientos.*

El Juez Asociado Señor Belaval concurre con el resultado.