UNITED STATES for Use and Benefit of
Jacinto CASABLANCA, Plaintiff,

v.

CONTINENTAL CASUALTY COM-
PANY, Defendant.

Civ. No. 995–71.

United States District Court,
D. Puerto Rico.

Nov. 27, 1972.

Ramon Lloveras Otero, San Juan, P. R., for plaintiff.

Alex González, San Juan, P. R., for defendant.

## ORDER AND JUDGMENT

TOLEDO, District Judge.

We have for our consideration a motion to dismiss filed by defendant Continental Casualty Company and based on three fundamental propositions which are, to wit: That the action is barred by the Statute of Limitations contained in the Miller Act (49 Stat. 793 of August 24, 1935, Title 40, United States Code, Section 270a), and that the doctrines of res judicata and collateral estoppel bar plaintiff from recovering the amounts claimed.

Because we consider that the defendant is correct in raising the defense of Statute of Limitations, as a bar to this claim, we shall not discuss the applicability of the two latter mentioned doctrines.

The facts are that plaintiff Jacinto Casablanca, subcontracted with Southern Construction Company, Inc., who had a performance bond executed by defendant herein, Continental Casualty Company. The sub-contract was executed in 1958, and the project for which it applied was completed in the year 1960. It was in that same year that plaintiff rendered the last of its labor in connection with the sub-contract with defendant's principal, Southern Construction Company, Inc.

On April 5, 1960, plaintiff Casablanca filed before the Superior Court of the Commonwealth of Puerto Rico,

Mayaguez Section, Civil Action No. 60–441, against Southern Construction Company, Inc. Subsequently, he commenced inquiries in connection with the possible existence of a payment and performance bond issued by Continental Casualty Company in favor of Southern Construction Company, Inc. His letter to the Commissioner of Insurance for the Commonwealth of Puerto Rico brought about a negative response to the existence of such coverage. His inquiry with the defendant also produced a denial of such coverage by Continental Casualty Company. Upon requesting further information from the U. S. Atomic Energy Commission, by letter dated August 16, 1968, the Commission confirmed the fact that Continental Casualty Company had indeed extended a performance and payment bond on the contract awarded Southern Construction Company, Inc. At that time, plaintiff proceeded to file an action against Continental Casualty Company for recovery of the amount owed, before the Superior Court of the Commonwealth of Puerto Rico, San Juan Section. Said action was dismissed by summary judgment granted by Judge Wilfrido Roberts on March 31, 1970, on the basis that the applicable statute, known as the Miller Act, *infra*, dictates exclusive jurisdiction on the United States District Court for the district wherein the contract was performed. Had plaintiff chosen at that time to comply with the terms of the Miller Act, his contention of estoppel may have been favorably entertained.

After review by the Supreme Court of Puerto Rico, which confirmed the position held by the Superior Court of San Juan on November 3, 1971, plaintiff filed the present action on December 20, 1971. Three years had elapsed since plaintiff had knowledge of the existence of the payment bond executed by defendant Continental Casualty Company. The statute of limitations indicated in the Miller Act requires the action to be filed within one year after the day on which the last of the labor was performed or the material was supplied. Granting

plaintiff was denied the existence of Continental's coverage until August 16, 1968, the most liberal interpretation of the statute requiring him to take action within the year following that date obligated him to bring before this Court an action for recovery of the monies due by August 16, 1969. Though plaintiff took legal action against Southern Construction Company, Inc. on April 5, 1960, by filing a summons and complaint before the Superior Court of San Juan, it was not until December 23, 1971, when he filed this action before us, that he complied with the provisions of the Miller Act, supra.

We hold that the aforementioned action taken before the Superior Court of San Juan, was not in compliance with the provisions of Title 40, United States Code, Section 270b, as amended on August 4, 1959.

"270b. Same: rights of persons furnishing labor material.

\* \* \* \* \* \*

(b) Every suit instituted under this section shall be brought in the name of the United States for the use of the person suing, in the United States District Court for any district in which the contract was to be performed and executed and not elsewhere, irrespective of the amount in controversy in such suit, but no such suit shall be commenced after the expiration of one year after the day on which the last of the labor was performed or material was supplied by him. The United States shall not be liable for the payment of any costs or expenses of any such suit."

The statute not only limits the period of time during which the action may be brought, which is one (1) year after the day on which the last of the labor was performed, but dictates specifically that any such action must be brought in the name of the United States, for the use of the person suing, and in the United States District Court for the district in which the contract was to be performed. The statute eliminates the possible exer-

 

cise of discretion when it indicates that it shall not be brought elsewhere.

Numerous cases have upheld the exclusive jurisdiction of the Courts as mentioned: Blanchard v. Terry & Wright, Inc. (6 Cir. 1964), 331 F.2d 467, certiorari denied 379 U.S. 831, 85 S.Ct. 62, 13 L.Ed.2d 40 (1964); United States v. Aetna Casualty & Surety Company (2 Cir. 1962), 297 F.2d 665; Gifford-Wood Co. v. Travelers Indemnity Co., 42 Misc. 2d 962, 249 N.Y.S.2d 317; United States v. Sovereign Construction Co. (D.C. Mass.1970), 311 F.Supp. 371.

Even where there does not exist a statute such as the one that we are confronted with, the failure to file an action during the time thru which the statute of limitations has run, will bar the remedy. Thus, plaintiff's action against Continental Casualty Company in an effort to execute the judgment he had obtained against Southern Construction Company, Inc., which was denied by the Superior Court of San Juan, does not operate as an element to hold the running of the statute of limitations. We point out that the statute of limitations pertinent to this litigation ran during the Year 1961, when the twelve month period indicated by the statute had run after the performing of the last labor pursuant to the sub-contract.

In the case of Statham Instrument Inc. v. Western Cas. and Surety Co. (6 Cir. 1966), 359 F.2d 521, the Court held that the commencement of supplier's action against the client contractor did not preserve the action against surety not named in the original petition. It held that one (1) year limitation under the Miller Act is not merely a limitation on the remedy but on the liability itself.

█ While it is true that the plaintiff may have been mislead by the defendant as to the existence of the payment bond, when plaintiff finally was on notice that such bond existed on August of 1968, he did not file his complaint before this Court until December 23, 1971. Plaintiff's prior action against the de-

fendant before the Superior Court of the Commonwealth of Puerto Rico,[1] filed on September 20, 1968, does not interrupt the statute of limitations. It is the general rule that the filing of an action in an improper Court which lacks jurisdiction, does not interrupt the statute of limitations. See: 51 Am.Jur.2d, Limitation of Actions, Section 301, p. 808; and 6 A.L.R.3d, p. 1046. The action filed against the defendant in he . Superior Court was dismissed for lack of jurisdiction.

The motion to dismiss should, therefore, be granted and, it is ordered, that judgment be entered dismissing the complaint.

It is so ordered.

---

1. See: Casablanca v. Tribunal, —— D.P.R. —— (November 3, 1971, 92 Colegio de Abogados 1971).