JOSEFA DURÁN CEPEDA ET AL., demandantes y peticionarios, *v.* ISMAEL MORALES LEBRÓN ET AL., demandados y recurridos.

*Número:* O-81-479 *Resuelto:* 14 de abril de 1982

*Jaime Escanellas,* abogado de los recurrentes; *Héctor A. Colón Cruz, Procurador General,* y *Lorraine Riefkohl, Procuradora General Auxiliar,* abogados del recurrido Estado Libre Asociado de Puerto Rico; los demás recurridos no comparecieron.

EL JUEZ PRESIDENTE SEÑOR TRÍAS MONGE emitió la opinión del Tribunal.

El 8 de febrero de 1978 un vehículo de motor del Estado Libre Asociado, asegurado por Universal Insurance Co. ("Universal"), le causó la muerte a la madre y abuela de los demandantes recurrentes, ciudadanos dominicanos.

El 1 de setiembre de 1978 los recurrentes interpusieron acción por daños ante el Tribunal de Distrito de Estados Unidos para el Distrito de Puerto Rico. Se emplazó a Universal y al Estado Libre Asociado el 30 de marzo de 1979.

El 11 de abril de 1979 se desestimó la acción contra el Estado Libre Asociado por falta de jurisdicción. El 29 de noviembre de 1979 la corte federal hizo lo mismo respecto a Universal. En reconsideración, reiteró este criterio por sentencia de 1 de agosto de 1980.

El 13 de junio de 1980 los recurrentes reprodujeron su demanda ante el Tribunal Superior de Puerto Rico. El 9 de junio de 1981 el tribunal desestimó el pleito por prescripción de la acción. Acordamos revisar.

El Art. 1873 del Código Civil, 31 L.P.R.A. sec. 5303, señala las maneras de interrumpir la prescripción extintiva:

> La prescripción de las acciones se interrumpe por su ejercicio ante los tribunales, por reclamación extrajudicial del acreedor y por cualquier acto de reconocimiento de la deuda por el deudor.

El Art. 1845 del Código Civil, 31 L.P.R.A. sec. 5266, insertado en la parte referente a la prescripción adquisitiva, dispone:

> La interrupción civil se produce por la citación judicial hecha al poseedor, aunque sea por mandato de tribunal o juez incompetente.

¿Qué significa la frase del Art. 1873, "ejercicio ante los tribunales"? ¿Comprende la presentación de una demanda ante un tribunal sin jurisdicción o competencia? ¿Cuándo es que se ejercita una acción ante los tribunales para fines de este artículo, al presentarse la acción o al emplazarse a la parte demandada? ¿Cuál es la relación, si alguna, entre el Art. 1873 y el Art. 1845? ¿Comienza un nuevo plazo prescriptivo al desestimarse una causa o se continúa el anterior? Estas son las cuestiones centrales que plantea este litigio.

La dilucidación de estas cuestiones afecta únicamente a los recurrentes y a Universal. En lo que respecta al Estado Libre Asociado, la acción claramente prescribió bajo

cualquier punto de vista. Los recurrentes aguardaron más de un año después de desestimarse la acción contra el Estado para actuar ante el Tribunal Superior. Debe confirmarse en consecuencia el dictamen recurrido en lo que respecta al Estado Libre Asociado.

En *Diez* v. *Green*, 32 D.P.R. 814 (1924), este Tribunal se enfrentó a una controversia idéntica a la actual entre Universal y los recurrentes. Resolvimos en dicha ocasión que el ejercicio de la acción ante un tribunal sin jurisdicción, que fue en dicho caso también la corte federal, interrumpió la prescripción extintiva bajo el artículo correspondiente entonces al 1873.

 También hemos resuelto que la prescripción extintiva o liberatoria se interrumpe al presentarse la demanda y no al efectuarse el emplazamiento. *Feliciano* v. *A.A.A.*, 93 D.P.R. 655 (1966); *Barrientos* v. *Gob. de la Capital*, 97 D.P.R. 552 (1969); *Moa* v. *E.L.A.*, 100 D.P.R. 573 (1972). En *Feliciano*, supra, pág. 660, dijimos:

> . . . nuestra tradición civilista requiere una solución contraria [a la exigencia de la notificación de la demanda como requisito para la interrupción], pues el fundamento reconocido de la interrupción es la manifestación inequívoca de quien, amenazado con la pérdida de su derecho, expresa su voluntad de no perderlo.

En *Moa*, supra, pág. 590, afirmamos:

> . . . la mera interposición efectiva de una demanda ante un tribunal, dentro del término prescriptivo . . . produce el efecto interruptor de la prescripción extintiva de la acción ejercitada, cualesquiera que sean las vicisitudes posteriores a la radicación de la demanda, como, por ejemplo, carecer el tribunal, al cual se ha acudido, de competencia para entender en la acción o que se declare sin lugar la reclamación mediante moción de *nonsuit*.

Hemos decidido también que la interrupción por gestión judicial dura hasta que termina definitivamente la acción ejercitada. *Moa*, supra, pág. 591; *Vda. de Carlo* v. *Toro*, 99

D.P.R. 200, 225 (1970). Comienza entonces su nuevo término prescriptivo. *Feliciano*, supra, pág. 661.

La jurisprudencia citada bastaría para resolver las cuestiones planteadas. El resultado contrario alcanzado por la ilustrada sala de instancia y la importancia de los señalamientos efectuados, algunos de los cuales aún son objeto de debate en algunas jurisdicciones, nos mueven, sin embargo, a considerarlas nuevamente.

Los Arts. 1845 y 1873 de nuestro Código Civil calcan básicamente el texto de los Arts. 1945 y 1973 del Código Civil español de 1888. Estos últimos derivan de muchas fuentes. El Art. 1945 es idéntico al 1984 del proyecto de 1851, a cargo de Florencio García Goyena. El Art. 1984 de este borrador, no obstante, era parte de un capítulo separado, aplicable tanto a la prescripción adquisitiva como a la liberatoria. Esta disposición derivaba a su vez del Art. 2246 del Código Civil napoleónico, que se remontaba a una antigua costumbre de Francia contraria al Derecho romano. F. García Goyena, *Concordancia, Motivos y Comentarios del Código Civil Español*, Zaragoza, 1974, reimpresión de la edición de 1852, pág. 1019.

El precedente más directo del Art. 1973 del Código Civil español es el Art. 2244 del Código Civil francés, excepto que el reconocimiento del efecto interruptor de la reclamación *extra*judicial es de naturaleza netamente española. Partida 3, Tít. 29, Ley 29. Para estudiar el antiguo entronque de la prescripción extintiva en el Derecho español, véanse: F. Sánchez Román, *Estudios de Derecho Civil*, 2da ed., Madrid, 1891, T. 3, pág. 265 *et seq.;* Fuenmayor, *La interrupción judicial de la prescripción extintiva civil en el Derecho navarro*, 27 Anuario de Derecho Civil 3 (1974); J. Garcerán de Vall y Souza, *La Prescripción Extintiva en el Derecho General Privado*, J. Montero, ed., La Habana, 1944, T. I, pág. 217 *et seq.*

Debido al curioso silencio del Código Civil español sobre si la interpelación judicial ante juez incompetente inte-

rrumpe la prescripción *extintiva*, la cuestión ha sido objeto de consideración acuciosa por la doctrina. La abrumadora mayoría de los comentaristas llega a la misma conclusión que alcanzamos en *Diez* v. *Green*, supra: la acción ante los tribunales, aunque éstos carezcan de jurisdicción o competencia, surte efecto interruptor contra la prescripción extintiva. L. Díez Picazo, *La Prescripción en el Código Civil*, Barcelona, Ed. Bosch, 1964, págs. 111, 122; J. Puig Brutau, *Fundamentos de Derecho Civil*, Barcelona, Ed. Bosch, 1979, T. 1, Vol. 1, págs. 898-899; M. Albaladejo, *Derecho Civil*, 3ra ed., Barcelona, Ed. Bosch, 1975, T. 1, Vol. 2, pág. 472; Albaladejo, *Comentario al Artículo 1973 del Código Civil*, Rev. de Der. Privado, 1977, págs. 987-994; J. L. Lacruz Berdejo, *Elementos de Derecho Civil*, Barcelona, Ed. Bosch, 1974, pág. 301; *contra:* Q. M. Scaevola, *Código Civil*, Madrid, Ed. Reus, 1965, T. XXXII, Vol. 2, pág. 959 *et seq.*

La doctrina española generalmente aplica por analogía la norma establecida por el Art. 1945 a la prescripción extintiva de que trata el Art. 1973. Díez Picazo, *op. cit.*, pág. 122, explica el fundamento básico de la analogía:

> Nuestro Código, siguiendo en este punto a la mayor parte del Derecho comparado, admite, sin embargo, la eficacia interruptiva de la demanda presentada ante un juez incompetente. La razón es clara. La voluntad del propietario o del titular de hacer valer sus derechos se patentiza desde que la demanda se presenta. . . . No parece, entonces, lícito o equitativo, que éste pueda prevalerse de un posible error sobre la competencia del órgano a quien la demanda va dirigida.

Véase: D. Espín Cánovas, *Manual de Derecho Civil Español*, Madrid, Ed. Rev. de Der. Privado, 1975, Vol. 1, págs. 467-468.

La voz "competencia" en el Derecho español comprende, dentro del contexto que venimos discutiendo, lo que se entiende en nuestro Derecho por dicho término, así como por el concepto de jurisdicción, ya sea jurisdicción sobre la

materia o sobre la persona. Díez Picazo, *loc. cit.* Igual ocurre en el Derecho francés. C. Aubry, *Droit Civil Français*, Librairies Techniques, 7ma ed., París, 1961, T. 12, pág. 466.

A partir de Manresa el Derecho civil español sostiene, al igual que en nuestra decisión en *Feliciano* y casos posteriores, que en el caso de la prescripción extintiva la mera presentación de la demanda surte efecto interruptor. La prescripción adquisitiva es la que no se interrumpe hasta que ocurre el emplazamiento. J. Manresa, *Comentarios al Código Civil Español*, 6ta ed., Madrid, Ed. Reus, 1973, T. XII, pág. 1235; Fuenmayor, *ante*, págs. 11, 14.

El Derecho español también coincide con nuestra posición en *Feliciano*, supra, pág. 661, de que al concluir la acción litigiosa cuya iniciación interrumpió el plazo prescriptivo, comienza a contar íntegramente un nuevo término. Puig Brutau, *op. cit.*, pág. 896; Albaladejo, *Derecho Civil*, pág. 466; Díez Picazo, *op. cit.*, pág. 128.

En Derecho francés, la regla firmemente establecida es que la interpelación judicial interrumpe la prescripción, adquisitiva o liberatoria, aunque se interponga ante un foro incompetente. F. Marty y P. Raynaud, *Droit Civil*, París, Sirey, 1962, T. II, Vol. I, pág. 872; C. Aubry, *loc. cit.*, Baudry-Lacantinerie & Tissier, *Prescription*, trad. de J. Mayda, *Civil Law Translations*, St. Paul, West Publishing Co., 1972, Vol. 5, pág. 249; Fuzier-Herman, *Code Civil Annoté*, París, Sirey, 1948, T. 7, pág. 960; "Prescription Civil", *Encyclopédie Dalloz*, parr. 167, pág. 450 *et seq.;* Civ. 5 marzo 1957, D. 1957, pág. 334; Mazeaud y Mazeaud, *Lecciones de Derecho Civil*, Buenos Aires, Ed. Jurídicas de Europa-América, 1960, Vol. 3, Parte 2, pág. 420. Se aplica la misma norma en Francia cuando la acción se interpone indebidamente ante un tribunal extranjero. Civ. 21 enero 1975, D. 1975, *Inf. rap.* 83.

En otras jurisdicciones civilistas se sigue generalmente la doctrina prevaleciente en Puerto Rico sobre el efecto

interruptor de la demanda ante tribunal incompetente. Tal es la norma vigente en Italia: A. Scialoja y G. Branca, *Commentario del Codice Civile*, Roma, Soc. Ed. del Foro Italiano, 1972, lib. 6, Arts. 2910-2969, pág. 260; Cass. 7 julio 1947; G. Pescatore y C. Ruperto, *Codice Civile*, Milán, Ed. Giuffrè, 1978, pág. 2880, n. 9; en Alemania: Art. 212, BGB; en Suiza: Arts. 135(2) y 139 del Código de Obligaciones; en Portugal: *Código Civil de 1966*, Art. 323, apartado 1; en Argentina: A. G. Spota, *Tratado de Derecho Civil*, Buenos Aires, Ed. Roque Depalma, 1959, T. 1, Vol. 3, págs. 365-366; M. A. Argarañas, *La Prescripción Extintiva*, Buenos Aires, Tip. Ed. Argentina, 1966, págs. 103-104. Se habrá advertido que varios de los países citados cuentan, como Puerto Rico, con un doble sistema de tribunales. En algunos, como en Alemania y Suiza, se provee para un período prescriptivo más corto.

El Derecho común norteamericano favorecía por lo general, en ausencia de estatuto, una regla opuesta a la norma civilista. Al presente, sin embargo, la mayoría de los estados ha aprobado legislación para reconocerle efecto interruptivo a la interpelación judicial defectuosa. Note, *Developments in the Law—Statutes of Limitations*, 63 Harv. L. Rev. 1177, 1243 (1950); Comment, *The Tolling of the Statute of Limitations When a Case Has Been Previously Dismissed for Lack of Jurisdiction or for Improper Venue*, 7 U. of Rich. L. Rev. 319 (1972); Note: *Limitations of Actions: statutes permitting new action within one year after reversal held applicable to nonsuit*, 33 Calif. L. Rev. 453 (1945). En algunos casos, aun cuando el estatuto no abarca la situación en que la demanda se interpone ante un tribunal sin jurisdicción o competencia, se ha interpretado la ley en forma lata y se le ha impartido efecto interruptor a la interpelación judicial equivocada. Pieper, *The Illinois Savings Statute: An Analysis of Section 24a of Chapter 83*, 9 The John Marshall Journal of Practice and Procedure 465, 474 *et seq.* (1976).

Aunque el caso de autos se rige por el Derecho civil es interesante observar, desde el punto de vista del Derecho comparado, el tratamiento del problema por algunos tribunales estadounidenses. En *Roth* v. *Northern Assurance Co.*, 203 N.E.2d 415 (1964), se dio una situación exacta a la de autos. El tribunal estatal resolvió que la demanda interpuesta ante una corte federal sin jurisdicción interrumpió el plazo prescriptivo. En *Sachs* v. *Ohio National Life Insurance Co.*, 131 F.2d 134 (7th Cir. 1942), se consideró el caso inverso. La primera demanda se interpuso ante una corte estatal sin jurisdicción. El Tribunal de Apelaciones de Estados Unidos para el Séptimo Circuito resolvió que tal demanda interrumpió la prescripción. Al mismo efecto, *The Tolling of the Statute of Limitation*, supra, pág. 324. *Contra: United States* v. *Continental Casualty Co.*, 354 F.Supp. 1353 (1972). También se ha determinado que la demanda ante un tribunal extranjero sin jurisdicción surte efecto interruptor. *Cook* v. *Britt*, 290 N.E.2d 908 (1972). La razón para estas normas estatutarias y jurisprudenciales análogas a las que privan en la generalidad de los países civilistas fue explicada así por el Juez Holmes en *New York Central & H.R.R. Co.* v. *Kinney*, 260 U.S. 340, 346 (1922):

> *Of course, an argument can be made on the other side, but when a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the Statute of Limitations do not exist, and we are of opinion that a liberal rule should be applied.*

En conclusión, reafirmamos nuestras decisiones en *Diez*, *Feliciano*, *Moa* y otros casos citados. La demanda interpuesta ante un foro sin jurisdicción o competencia interrumpe el plazo prescriptivo desde su presentación y causa que comience a contar un nuevo término al emitir sentencia final y firme el primer foro. No existe ocasión en este caso, por no justificarlo los hechos, de discutir posibles

excepciones a esta norma. (¹) Tampoco cabe adentrarse en las disposiciones pertinentes del Código de Comercio. Véase en especial el Art. 941 de este cuerpo jurídico. 10 L.P.R.A. sec. 1903.

Por las razones expuestas *se confirmará la desestimación de la demanda respecto al Estado Libre Asociado, se revocará la sentencia respecto a Universal Insurance Co. y se devolverá el caso a instancia para procedimientos ulteriores compatibles con esta opinión.*

---

(¹) Para el caso en que se abusa de la norma o se utiliza de mala fe, véase: F. de Castro y Bravo, *Temas de Derecho Civil*, Madrid, 1972, pág. 161, n. 1. Para la situación en que el actor desiste de la demanda, véase: *González v. San Juan L. & T. Co.*, 17 D.P.R. 124 (1911). El tribunal de instancia se apoyó únicamente en este caso, pero sus hechos son distintos a los del pleito de autos. También lo es su razonamiento. En *González*, pág. 135, se afirma:

"No obstante la doctrina sentada por el Tribunal Supremo de España y la opinión del comentarista Manresa, resolvemos esta cuestión legal, de acuerdo con los principios bien establecidos en la Jurisprudencia Americana; porque en nuestra opinión, como jueces, encontramos estos últimos más en harmonía [*sic*] con la equidad y la justicia, y con el espíritu de la misma ley."