# 2002 DTA 92

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL DE CAROLINA-FAJARDO**

MIGUEL AGOSTO ORTIZ, *ET ALS.*
Apelantes

v.

URBANIZADORA RIO VISTA, INC. *ET ALS.*
Apelados

Núm. KLAN-00-00195

San Juan, Puerto Rico, a 24 de abril de 2002

Panel integrado por su Presidente, Juez Miranda De Hostos,
la Jueza Hernández Torres y el Juez Martínez Torres

Miranda De Hostos, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

La parte apelante Miguel Agosto Ortiz, *et als.*, acude ante nos de una sentencia del Tribunal de Primera Instancia, Sala Superior de Carolina, que desestimó la demanda que presentara en contra de la parte apelada la Autoridad de Carreteras (en adelante Autoridad) y la Urbanizadora Río Vista, Inc. (en adelante Río Vista).

Alega, en síntesis, que erró el tribunal de instancia al desestimar la segunda demanda enmendada conjunta por estar alegadamente prescrita.

Se revoca la sentencia apelada determinando que la causa de acción de la parte apelante no está prescrita, por los siguientes fundamentos.

## I

El 6 de diciembre de 1988, la parte apelante, compuesta por residentes de las urbanizaciones Alturas de Río Grande y Jardines de Río Grande, presentó una demanda de violación de contrato, dolo contractual y daños y perjuicios, por alegados daños ocasionados como consecuencia de unas inundaciones ocurridas el 7 de diciembre de 1997. En la demanda figuraban como demandados entre otros, la Autoridad y Río Vista. (Ap. 2, págs. 9-21.)

Por otro lado, ya para el 5 de diciembre de 1988, residentes de la urbanización Villas de Loíza habían presentado una demanda sobre rescisión de contrato y daños y perjuicios por alegados daños ocasionados también por unas inundaciones ocurridas el 7 de diciembre de 1997. (Ap. 3, págs. 22-27.)

El 18 de diciembre de 1989, el tribunal de instancia celebró una conferencia inicial en la cual dispuso que los casos antes señalados de los residentes de las urbanizaciones Alturas de Río Grande, Jardines de Río Grande y Villas de Loíza, fueran consolidados. (Ap. 4, págs. 28-30.) Como consecuencia de la orden del tribunal de que los casos fueran consolidados, el 10 de julio de 1990, se presentó una demanda enmendada conjunta en la cual no se incluyó en la misma como parte demandada a la Autoridad ni a Río Vista. (Ap. 5, págs. 31-41.)

No obstante, la Autoridad no fue incluida como parte demandada en la demanda enmendada conjunta, surge claramente del récord que la omisión de no incluir a la Autoridad no fue con la intención de que no formara parte en el pleito, sino meramente un error al redactarla, pues la Autoridad continuó compareciendo al pleito y litigando. Así se refleja en las minutas donde el tribunal de instancia hace constar que la Autoridad compareció representada por sus abogados. (Ap. 6 y 8, págs. 44, 54.)

En la minuta de la conferencia celebrada el 5 de septiembre de 1990, el tribunal de instancia incluyó a la Autoridad en el Grupo III el cual estaba *"compuesto por demandantes [demandados] (sic) y terceros demandados a quienes se imputa responsabilidad por otros actos que alegadamente contribuyeron a las inundaciones"*. (Ap. 6, pág. 45.) Además, en la minuta de seguimiento de la conferencia celebrada el 13 de marzo de 1991, el tribunal de instancia le concede a la Autoridad noventa (90) días para presentar su informe pericial. (Ap. 8, pág. 56.)

Luego de varios trámites procesales, varios residentes de las urbanizaciones Alturas de Río Grande y Jardines de Río Grande que originalmente fueron incluidos en la primera demanda, presentaron una moción solicitando la separación de partes, en la cual alegaron que habían sido incluidos erróneamente en el pleito, pues su causa de acción era distinta a la de los residentes de la urbanización Villas de Loíza. (Ap. 7, págs. 52-53.)

Dado lo anterior, en la vista de seguimiento de la conferencia celebrada el 22 de febrero de 1991, el tribunal de instancia le concedió cinco (5) días para solicitar el desistimiento sin perjuicio. (Ap. 8, págs. 56-57.) El 27 de febrero de 1991, en cumplimiento de la orden del tribunal de instancia, los residentes de las urbanizaciones Alturas de Río Grande y Jardines de Río Grande presentaron la moción solicitando desistimiento sin perjuicio de su causa de acción. (Ap. 9, págs. 58-62.)

El 6 de mayo de 2001, la Autoridad presentó una moción de desestimación en la cual alegó que en la demanda no existía ninguna alegación en su contra que le imputara responsabilidad. (Ap. 10, págs. 63-67.)

Así las cosas, el 7 de mayo de 1991, el tribunal de instancia emitió la siguiente sentencia parcial:

*"SENTENCIA PARCIAL*

*Vista la solicitud de desestimación presentada por la Autoridad de Carreteras el día 6 de mayo de 1991, así como el allanamiento de las otras partes, se dicta sentencia parcial ordenando el archivo de las reclamaciones presentadas contra dicha parte en los asuntos consolidados, sin perjuicio. Se dicta sentencia parcial por no existir motivo para posponer la misma.*

*...".*

(Ap. 12, pág. 69.)

En esa misma fecha, el tribunal de instancia también emitió la siguiente sentencia parcial:

*"SENTENCIA PARCIAL*

*Vista la Moción Solicitando Desistimiento sin perjuicio presentada por la parte demandante [residentes de las urbanizaciones Alturas de Río Grande y Jardines de Río Grande] el día 27 de febrero de 1991, el Tribunal declara la misma con lugar y, en consecuencia, ordena el archivo sin perjuicio de la demanda en cuanto a los codemandantes identificados en el Anexo I de dicha moción, el cual se incorpora a la presente sentencia.*

*...".*

(Ap. 13, pág. 70.)

El 13 de marzo de 1992, aproximadamente diez (10) meses después de que el tribunal emitiera sentencia parcial declarando con lugar el desistimiento sin perjuicio, los residentes de las urbanizaciones Alturas de Río Grande y Jardines de Río Grande presentaron nuevamente la demanda de violación de contrato, dolo contractual y daños y perjuicios por los alegados daños ocasionados como consecuencia de las inundaciones ocurridas el 7 de diciembre de 1987. En dicha demanda, figuraban como parte demandada, entre otros, la Autoridad y la Urbanizadora Río Vista. (Ap. 14, págs. 71-81.)

Luego de extensos trámites procesales, la Autoridad presentó una moción de desestimación por prescripción el 30 de septiembre de 1999. Alegó que en la demanda original presentada el 6 de diciembre de 1989, que fue posteriormente desistida por orden del tribunal el 7 de mayo de 1991, no contenía alegación alguna en su contra, por lo que ésta no interrumpió el plazo prescriptivo. Además, alegó que en la demanda enmendada en conjunto cuando fueron consolidados los casos por orden del tribunal, no se le había incluido como parte demandada, por lo que nunca fue parte en el pleito. Posteriormente, Río Vista se unió a la moción de desestimación por prescripción de la Autoridad. (Ap. 19, págs. 120-159.)

Finalmente, el tribunal de instancia emitió sentencia el 11 de enero de 2000. (Ap. 1, págs. 1-8.) Determinó lo siguiente:

*"...*

*Siendo las primeras alegaciones que se formulan contra la Autoridad de Carreteras y la Urbanizadora Río Vistas las contenidas en la demanda presentada el 13 de marzo de 1992, y habiendo ocurrido lo hechos el 6 de diciembre de 1987, tenemos que concluir que la demanda está prescrita.*

*La presentación de la Demanda el 6 de diciembre de 1988, no tuvo el efecto de interrumpir el período prescriptivo por dos (2) razones:*

*(1). Por que cuando se presentó la Demanda Enmendada Conjunta no se incluyó a la Autoridad de*

*Carreteras como demandada y al quedar sustituida la demanda original y retrotrayéndose su efecto al 6 de diciembre de 1988 es evidente que la Autoridad no era parte del pleito al 6 de diciembre de 1988, Regla 13.3 de las de Procedimiento Civil de Puerto Rico.*

*(2). En la alternativa si se entendiere que la demanda original surte algún efecto para fines de prescripción, este no puede ser el alegado por los demandantes porque en la misma no se reclamaba el derecho afectado contra la Autoridad de Carreteras.*

*...".*

(Ap. 1, págs. 7-8.)

Inconforme con dicha determinación, la parte apelante acude ante nos.

**II**

Expuestos los hechos pertinentes a la controversia ante nuestra consideración, procedemos a exponer la norma jurídica aplicable.

**A**

**Las alegaciones y sus enmiendas posteriores**

La Regla 13.1 de Procedimiento Civil dispone que cuando se ha notificado alegación respondiente, las alegaciones sólo pueden ser enmendadas con permiso del tribunal o mediante consentimiento escrito de la parte contraria. Una vez se realicen las enmiendas, dicha regla dispone:

*"Siempre que la reclamación o defensa expuesta en la alegación enmendada surgiere de la conducta, acto, omisión o evento expuesto en la alegación original, las enmiendas se retrotraerán a la fecha de la alegación original. [...]".*

32 L.P.R.A. Ap. III.

Las alegaciones tienen el propósito de bosquejar a grandes rasgos cuál es la reclamación en contra de la parte demandada, de manera que ésta sea notificada de la naturaleza general de las mismas y pueda comparecer a defenderse. Además, las alegaciones deben ser interpretadas de manera conjunta, con el fin de lograr justicia. *Reyes v. Cantera Ramos, Inc.,* 139 D.P.R. 925, 929-930 (1996); *Ortiz Díaz v. R. & R. Motors Sales Corp.,* 131 D.P.R. 829, 835 (1992).

Por último, nuestro más alto foro ha expresado que:

"...

*Ya desde 1948, habíamos advertido a los litigantes "que este **Tribunal hará todo lo que esté a su alcance para que los casos sean resueltos en sus méritos y no por sutilezas legales de alegaciones y procedimientos...** [y que h]ace tiempo que los tribunales han abandonado la teoría de que impartir justicia constituye un juego. Los litigantes deben hacer lo mismo. **Ninguna parte en un procedimiento tiene un interés adquirido en los errores gramaticales y de procedimiento incurridos por su adversario.** [...] Recientemente reconocimos que el problema aún persiste al expresar que "[e]n ocasiones los trámites judiciales se complican innecesariamente e impiden que las controversias puedan resolverse en forma justa rápida y económica conforme lo dispuesto en la Regla 1 de Procedimiento Civil. [...]. (Citas omitidas.) (Énfasis suplido.)*

..."

*Reyes v. Cantera Ramos, Inc., supra,* pág. 930.

Los hechos alegados en una demanda, ante una moción de desestimación por falta de alegaciones sobre daños, deben ser evaluados de la manera más favorable a la solicitud del demandante. Sólo procede la desestimación de las alegaciones cuando *"[n]o se puede deducir el derecho a la consecución de remedio alguno". Agosto v. Mun. de Río Grande,* 143 D.P.R. 174, 178 (1997). Se ha reconocido que en casos de alegaciones generales, se puede solicitar por los demandados que se especifiquen los mismos.

**B**
**El término prescriptivo de las acciones de daños y perjuicios bajo el artículo 1802 del Código Civil**

La prescripción de las acciones se rige por los principios del Derecho Civil, pues es materia sustantiva y no procesal. *Sánchez Montalvo v. Autoridad de Puertos,* opinión de 7 de marzo de 2001, **2001 J.T.S. 34**, pág. 965.

El artículo 1868 del Código Civil dispone que las acciones de daños y perjuicios prescriben al año. Este plazo prescriptivo de un (1) año comienza a correr desde el momento en que el perjudicado tuvo conocimiento del daño y quién se lo causó. Arts. 1868 y 1869 de Código Civil, 32 L.P.R.A. secs. 5298-5299.

La prescripción es la extinción de un derecho como consecuencia de la inercia del titular en ejercerlo y persigue el propósito de eliminar la incertidumbre en las relaciones jurídicas, pues no quedan al arbitrio de los particulares. *Sánchez Montalvo v. Autoridad de Puertos, supra; Maldonado Vega v. Russe Santiago,* opinión de 8 de febrero de 2001, **2001 J.T.S. 17**, pág. 834.

**C**
**La interrupción del término prescriptivo judicialmente**

El artículo 1873 del Código Civil dispone que el término prescriptivo de las acciones se interrumpe por: 1) su ejercicio ante los tribunales; 2) reclamación extrajudicial del acreedor; y 2) por cualquier acto de reconocimiento de la deuda por el deudor. 31 L.P.R.A. sec. 5303; *Martínez Arcelay v. Penagarícano Soler,* opinión de 18 de marzo de 1998, **98 J.T.S. 29**, pág. 699.

Para que el término prescriptivo se interrumpa judicialmente, basta con la presentación efectiva de la demanda dentro del término prescriptivo. Con ello, se produce un efecto interruptor *"cualesquiera que sean las vicisitudes posteriores a la radicación de la demanda"*, inclusive el que el tribunal carezca de competencia para atender el asunto. La interrupción del término prescriptivo durará hasta que la acción ejercitada termine definitivamente, cuando el término prescriptivo comenzará a decursar nuevamente. *Durán Cepeda v. Morales Lebrón,* 112 D.P.R. 623, 625 (1982); *Moa v. E.L.A.,* 100 D.P.R. 573, 590 (1972).

**D**
**La interrupción del término prescriptivo por gestión judicial y el desistimiento por orden judicial**

La Regla 39.1 de Procedimiento Civil, *supra,* establece que la parte demandante puede desistir de un pleito sin orden del tribunal en dos (2) ocasiones: 1) en cualquier momento antes de que la parte adversa notifique contestación a la demanda o una moción de sentencia sumaria; y 2) mediante la presentación de una estipulación de desistimiento firmada por todas las partes en el pleito. De lo contrario, la parte demandante sólo puede desistir de un pleito mediante orden del tribunal.

Cuando el desistimiento ocurre sin orden del tribunal, el término prescriptivo que fue interrumpido por

gestión judicial, comenzará a decursar nuevamente desde la fecha en que la parte demandante presente el aviso de desistimiento. Sin embargo, cuando el desistimiento ocurra por orden judicial, el término prescriptivo comenzará a decursar nuevamente desde la fecha del archivo en autos de la notificación de la sentencia del tribunal de instancia ordenando el archivo de la demanda original. *Agosto v. Mun. de Río Grande*, 143 D.P.R. 174, 179 (1997).

Nuestro más alto foro tuvo la oportunidad de expresarse sobre los hechos específicos del caso de autos en cuanto a la reclamación de la parte apelante en contra del Municipio de Río Grande, quien, valga señalar, tampoco fue incluido por error como parte demandada en la demanda enmendada conjunta, y expresó lo siguiente:

"...

*El texto de dicha Regla [39.1 de Proc. Civil] establece la necesidad de obtener una orden del tribunal para que el demandante pueda desistir de su acción. Acorde con ello, la parte demandante en este caso solicitó dicho permiso y éste fue concedido por el tribunal el 7 de mayo de 1991. Como el permiso judicial era compulsorio, es a partir de éste que comenzó a contar el nuevo término prescriptivo, porque fue con la orden judicial que se le puso punto final al pleito en cuestión. [...]*

*Por las razones expuestas, resolvemos que la segunda reclamación por los daños causados en la inundación de 7 de diciembre de 1987 no estaba prescrita. El plazo prescriptivo fue interrumpido mediante la demanda incoada el 6 de diciembre de 1987 [1988] (sic). El nuevo término comenzó a correr desde el 7 de mayo de 1991 y, finalmente fue interrumpido el 13 de marzo de 1992 con la presentación de la segunda demanda, que es la que nos concierne aquí. (Énfasis suplido.)*

...".

*Agosto v. Mun. de Río Grande, supra*, pág. 181.

### III.

Expuesta la norma jurídica, procedemos a aplicarla a los hechos ante nuestra consideración.

En la demanda presentada el 6 de diciembre de 1988, por los residentes de las urbanizaciones Alturas de Río Grande y Jardines de Río Grande, fueron incluidos como parte demandadas tanto la Autoridad como Río Vista. En la demanda se hacen alegaciones generales en contra de la Autoridad y Río Vista, en cuanto a sus responsabilidades en el ámbito civil, sobre vicios en la construcción de las casas; que se hicieron representación que las agencias gubernamentales concernidas habían aprobado el proyecto porque cumplía las reglamentaciones vigentes; que las construcciones realizadas alegadamente provocaron las inundaciones; y que el lugar y el relleno utilizado donde se edificaron las casas, era inadecuado, entre otros aspectos. (Véase, Demanda, Caso Núm. 88-834, Ap. 2, págs. 9-21.)

Las alegaciones como norma de derecho procesal civil, sólo deben exponer a grandes rasgos las contenciones en contra de la parte demanda. De la demanda presentada originalmente existía una reclamación en contra de la Autoridad y de Río Vista, que por su alegada negligencia en las construcciones, taparon los sistemas de alcantarillados causando grandes inundaciones. Dichas partes estaban suficientemente notificadas de la reclamación en su contra y si consideraban insuficientes las alegaciones podían solicitar que se especificaran. *Véase, Agosto v. Mun. de Río Grande, supra.*

Por lo tanto, la presentación de dicha demanda dentro del término prescriptivo de un (1) año desde que ocurrieron las inundaciones el 7 de diciembre de 1987, tuvo el efecto de interrumpir el término prescriptivo.

La consolidación de los casos ocurrió por orden del tribunal, por lo que la presentación de la demanda enmendada conjunta meramente tuvo el efecto de cumplir con la orden del tribunal y no existía intención alguna de la parte apelante de enmendar la demanda a los fines de eliminar demandados. Resulta evidente que la omisión de no incluir a la parte apelada, la Autoridad, en el epígrafe de dicha demanda enmendada conjunta, fue simplemente un error de forma. Con más razón, cuando la parte apelada continuó litigando el caso reconociendo que existía una reclamación en su contra, sobre la construcción de una carretera que alegadamente ayudó a provocar las inundaciones.

Además, el término prescriptivo oportunamente interrumpido por la interposición de la demanda el 6 de diciembre de 1988, comenzó a decursar nuevamente a partir del 7 de mayo de 1991, cuando el tribunal de instancia emitió la sentencia ordenando el archivo de la reclamación de la parte apelante, por desistimiento. Por lo tanto, la segunda demanda objeto del presente recurso presentada el 13 de marzo de 1992, está dentro del término prescriptivo de un (1) año dispuesto por ley.

Concluimos que incidió el tribunal de instancia al desestimar la demanda determinando que estaba prescrita.

**IV**

Se revoca la sentencia apelada que desestimó la demanda por prescripción contra la Autoridad de Acueductos y Alcantarillados y la Urbanizadora Río Vista, Inc. y se devuelve el caso al Tribunal de Primera Instancia para que continúe con los procedimientos.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General