Miranda De Hostos, Juez Ponente
*766 TEXTO COMPLETO DE LA SENTENCIA
Se recurre ante nos de una sentencia sumaria parcial emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, mediante la cual se desestimó por prescripción una demanda sobre daños y perjuicios. I
Inconformes con el pronunciamiento judicial, las partes apelantes Emilia Reyes Ramos y otros, acuden ante nos mediante el presente recurso de apelación alegando la comisión de los siguientes errores por parte del tribunal de instancia.
"A. Erró el Honorable Tribunal de Instancia al determinar que la fecha para computar el término prescriptivo era el 2 de septiembre de 1994, fecha en la que los demandantes-apelados notificaron al Hospital I su reclamación, y no el 7 de noviembre de 1994, fecha en la que el Hospital por conducto de su aseguradora (SIMED) contestó dicha reclamación.

B. Erró el Honorable Tribunal de Instancia al determinar que el hecho de que se inicie una reclamación extrajudicial recibida y contestada, por sí sólo no interrumpe el término prescriptivo."

Evaluados los alegatos presentados por las partes, procedemos a confirmar la sentencia dictada por los' siguientes fundamentos.
I
Los hechos en el presente recurso se resumen a continuación.
El Sr. Carlos Salazar Plagieri acudió al Doctor's Hospital el 23 de agosto de 1993 por una caída que le ocasionó una fractura en el femur de su pierna izquierda donde fue operado por el Dr. Roberto Ruiz López. No obstante, el 8 de septiembre de 1993 el paciente falleció alegadamente por complicaciones relacionadas a una infección contraída en el hospital.
Las partes apelantes enviaron una carta al hospital el 2 de septiembre de 1994, en cuyo texto expresaban que era una reclamación extrajudicial —no se incluyó a Fernando Salazar Reyes— por los daños causados debido a que el tratamiento médico-hospitalario que recibió el señor Salazar, se apartó alegadamente de las normas reconocidas de la práctica de la medicina.
El hospital refirió la reclamación a su aseguradora, el Sindicato de Aseguradores para la Suscripción Conjunta de Seguros de Responsabilidad Profesional Médico-Hospitalaria (SIMED).
El 7 de noviembre de 1994, SIMED se comunicó mediante carta con las partes apelantes donde les solicitó a los fines de una investigación una exposición específica, alegaciones sobre los actos, omisiones del hospital y les requirió un informe pericial que sostuviera tales alegaciones. Posteriormente, el 7 de diciembre de 1994 y en ausencia de respuesta alguna, SIMED le concedió treinta (30) días adicionales a las partes apelantes para que cumplieran con su requerimiento para poder investigar la reclamación o de lo contrario tendrían que cerrar el expediente.
Con fecha de 11 de octubre de 1995, las partes apelantes presentaron una demanda en daños y perjuicios contra el hospital, pues ya para esa fecha contaban con los servicios de un perito médico que contrataron en el extranjero. El 3 de noviembre de 1995 le notificaron a SIMED que ya estaban en condiciones de someter el informe pericial que se les había requerido el 7 de noviembre de 1994.
Al no recibir respuesta de SIMED, las partes apelantes emplazaron al hospital el 30 de enero de 1996 y dicha parte solicitó prórroga para contestar, la cual le fue concedida. Luego, el 21 de mayo de 1996, el hospital *767 presentó una moción de sentencia sumaria parcial por prescripción.
El tribunal de instancia desestimó por prescripción la reclamación contra el hospital; dicha adjudicación es objeto de este recurso.
n
Acorde a los hechos, procedemos a discutir los errores alegados en conjunto, por estar estrechamente relacionados.
El Código Civil de Puerto Rico dispone en su Art. 1861, 31 L.P.R.A. see. 5291, que "[L]as acciones prescriben por el mero lapso del tiempo fijado por la ley". Las causas de acciones que se deriven de alegada mala práctica prescriben al afío, contado desde que se conoció la existencia del daño y se pudo ejercitar la misma. Art. 1802 del Código Civil, 31 L.P.R.A. see. 5298; Sandra Ortega v. Dr. Antonio Pou, opinión de 7 de abril de 1994, 94 J.T.S. 51, pág. 11780. (Casos citados.)
Por ser materia de naturaleza sustantiva, se establece en el Art. 1873 del Código Civil, que la prescripción se interrumpe por su ejercicio ante los tribunales, por una reclamación extrajudicial hecha por el acreedor o por algún acto de reconocimiento de deuda por parte del deudor. 31 L.P.R.A. see. 5303, supra.
Nuestro más alto foro ha reconocido que uno de los efectos de interrumpir la prescripción es que el plazo prescriptivo debe comenzar a contarse de nuevo por entero en la fecha en que se efectúe la actuación interruptora. Díaz de Diana v. A.J.A.S., Ins. Co., 110 D.P.R. 471, 474 (1980); Feliciano v. A.A.A., 93 D.P.R. 655, 661 (1966). Una reclamación extrajudicial realizada a través de una carta, interrumpe el término prescriptivo de la acción si la misma llega a su destino, y el mismo comienza a contarse de nuevo. Hawayek v. A.F.F., 123 D P.R. 526, 530 (1989); Galib Frangie v. El Vocero, opinión de 6 de junio de 1995, 95 J.T.S. 71, pág. 925. (Casos citados.)
La comunicación entre las partes en una reclamación, inclusive sobre una posible transacción, no implica necesariamente que se hubiera aceptado la responsabilidad o la deuda. Díaz de Diana, supra, pág. 480. Para que una carta de una compañía de seguros contestando una reclamación se entienda que reconoce la deuda u obligación, tiene que tener un lenguaje claro, espontáneo e inequívoco. Acosta Quiñones v. Matos Rodríguez, opinión de 5 de abril de 1994, 94 J.T.S. 47, pág. 11760. (Casos citados.)
Cónsono a los principios de derecho antes expresados, concluimos que la carta enviada por las partes apelantes el 2 de septiembre de 1994 a SIMED, interrumpió el término prescriptivo el cual comenzó a decursar a partir de dicha fecha, según lo dispone la jurisprudencia. De la evaluación de la carta que le enviara SIMED a las partes apelantes el 7 de diciembre de 1994, surge que ésta, no constituye un reconocimiento de la deuda y en la misma meramente se solicitaba información para realizar la investigación pertinente a la reclamación, por lo cual no interrumpió el término prescriptivo.
Para el 11 de octubre de 1995, fecha en que se interpuso la demanda, la causa de acción de Emilia Reyes Ramos y Martín Salazar Reyes estaba fuera del término prescriptivo de un afio, el cual venció el 2 de septiembre de 1995, por lo cual procedía la desestimación de la causa de acción.
ni
Por los anteriores fundamentos se confirma la sentencia dictada por el Tribunal de Primera Instancia, Sala Superior de San Juan.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General