# 97 DTA 182

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL I - SAN JUAN
### PANEL III

MUNICIPIO DE CATAÑO
Peticionario-Recurrido

v.

CARIBBEAN GULF REFINING, CORP.
Parte con interés

ANIBAL CASTRO
Parte con interés-Recurrente

Núm. KLCE-97-00530

San Juan, Puerto Rico, a 21 de agosto de 1997

Panel integrado por su Presidenta, Jueza Ramos Buonomo
y los Jueces González Román y Córdova Arone

Ramos Buonomo, Jueza Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El Sr. Aníbal Castro solicita la revisión de una resolución ■ emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan el 29 de abril de 1997 que lee como sigue:

*"El derecho aplicable a la controversia entre el arrendatario y arrendador emana de las disposiciones y jurisprudencia de la Ley de Expropiación vigente; por tal razón esta Sala está impedida de dilucidar la controversia entre el Municipio y el arrendatario. Sólo le corresponde a esta Sala adjudicar los derechos del arrendatario a base del contrato entre las partes y la compensación que se adjudique, si alguna, se deduce de la suma consignada por el Municipio.*

*NOTIFIQUESE.*

*Dada en San Juan, Puerto Rico, a 29 de abril de 1997."*

### I

El Municipio de Cataño presentó en el caso del título una petición de expropiación forzosa e incluyó como partes con interés a Caribbean Gulf Refining Corporation hoy Caribbean Petroleum Corporation (en adelante, *C.P.C."*), como dueña de la propiedad y al Sr. Aníbal Castro García, quien en calidad de arrendatario de C.P.C. operó durante treinta y dos años la estación de servicio para la venta y distribución de combustibles y lubricantes para vehículos de motor que está sita en la propiedad expropiada.

El 10 de julio de 1996 C.P.C. presentó su contestación enmendada a la petición de expropiación haciendo constar que la justa compensación es la cantidad consignada más aquella cantidad que tiene derecho el Sr. Castro García en virtud de su contrato constituyendo estos dos conceptos el justo valor en el mercado.

Dado que el Sr. Castro García le notificó al Municipio que iba a impugnar en los tribunales el fin público objeto de la expropiación y el hecho de que la Junta de Planificación nunca le notificó a éste ni a C.P.C. la consulta de ubicación del Municipio ante la Junta, ■ el Municipio de Cataño, C.P.C. y el Sr. Castro García comenzaron unas negociaciones, **debidamente avaladas por los documentos presentados junto con el recurso que nos ocupa,** para compensar al peticionario por los daños que le iba a causar la expropiación a éste. De los documentos surge que alegadamente el Municipio iba a consignar $40,000.00 adicionales a los dineros ya depositados, a favor de C.P.C., pero con el propósito de que C.P.C. le entregara esos dineros al Sr. Castro García.

Alegadamente dicha transacción se acordó el 25 de octubre de 1996 porque el Municipio tenía interés en terminar con los procedimientos antes de las elecciones. Recurso de *certiorari* a la pág. 5; Escrito Para Informar presentado por C.P.C. al tribunal el 17 de diciembre de 1996, apéndice del *certiorari*, págs. 24-26 y minuta del tribunal de 11 de diciembre de 1996, apéndice del *certiorari* a la pág. 27, en donde el Municipio de Cataño, por voz de su representante legal, acepta que se ha llegado a una estipulación con el Sr. Castro García y no obstante lo anterior, posteriormente el Municipio no firmó el documento que recogía la estipulación, alegadamente acordada.

Así las cosas y atento a la controversia sobre la estipulación, el Sr. Castro García no ha informado aún al tribunal recurrido el valor de los daños que la expropiación le causó a pesar de haber sido requerido a ello.

## II

La normativa sobre expropiación forzosa y la justa compensación en caso de arrendamiento de la finca expropiada surge de *Nerashford. Administración de Terrenos de P.R. v. Nerashford Development Corp.,* ___ D.P.R. ___ (1994), **94 J.T.S. 113** y otros casos anteriores. Pasaremos a exponer las normas expuestas por el Tribunal Supremo y aplicables al caso que nos ocupa.

Para determinar la justa compensación que debe pagar el Municipio en procedimientos de expropiación forzosa, se utiliza el valor de la finca en el mercado, sin tomar en consideración las cargas reales o gravámenes que afectan la finca. La compensación es por la finca expropiada y no por los diferentes intereses que graviten sobre ella. La obligación de la entidad que expropia es pagar una compensación justa. Al Estado no le interesa cómo las distintas partes con interés se dividan la compensación depositada.

Si bien generalmente las partes con interés no tienen cada una un derecho de crédito contra el Estado, no obstante poseen entre sí unos derechos respecto a la justa compensación depositada. La compensación sustituye los bienes inmuebles y los dueños de cada interés sobre los mismos recobran de dicha compensación el mismo interés proporcional que tenían en la propiedad.

Expuesta la normativa anterior, veamos el efecto que tiene la existencia de un contrato de arrendamiento sobre el cálculo de la justa compensación que el Estado o Municipio tiene que pagar.

El hecho de que el título de dominio sobre un bien expropiado esté sujeto a un contrato de arrendamiento **de ordinario** no tiene efecto alguno sobre la compensación que el gobierno deba pagar por dicho título. Sin embargo, en Nerashford, *supra*, citando el caso de *Pueblo v. Mc Cormick,* 78 D.P.R. 939 (1956), el Tribunal Supremo señala que en casos excepcionales un contrato de arrendamiento puede aumentar el valor de la propiedad. ■

Veamos, pues, que generalmente la obligación del Municipio al expropiar es sólo una: depositar la justa compensación correspondiente al valor del título de dominio de la finca. Esta cantidad se reparte entonces entre el dueño y el arrendatario, personas cuyas propiedades fueron tomadas por el gobierno, sobre la base y en proporción a sus respectivos intereses.

Por otro lado la Constitución del Estado Libre Asociado de Puerto Rico estableció en su Artículo V que los tribunales en Puerto Rico constituyen un sistema judicial unificado, en lo concerniente a jurisdicción, funcionamiento y administración. Mediante la Ley de la Judicatura de 1952 se creó un Tribunal General de Justicia con competencia unificada. La nueva Ley de la Judicatura de Puerto Rico de 1994 creó un Tribunal de Primera Instancia consolidado, de jurisdicción original con competencia unificada para atender todo tipo de casos y causas. ■ No empece que a los efectos de una eficiente administración judicial algunos tribunales están divididos en salas especializadas, ello no es óbice para que un juez o jueza pueda atender todo tipo de asunto en su sala. Claro está, para atender otro asunto o incidente fuera de lo usual en la sala especializada, ésto debe ser la excepción y cuando ello tenga relevancia al caso que se está atendiendo.

Expuesto lo anterior, lo procedente y en aras de la economía procesal, es que siendo los tribunales en Puerto Rico un sólo tribunal unificado, el foro recurrido examine y atienda lo concerniente a la alegada estipulación entre el Municipio de Cataño, C.P.C. y el Sr. Castro García para determinar si, existiendo dichas negociaciones, el Municipio se obligó a depositar una suma de dinero adicional como justa compensación a la ya consignada, y adjudicar la responsabilidad que pueda tener en ello la C.P.C. Una vez dilucidada esta controversia, el tribunal recurrido determinará qué cantidad de dinero le corresponde a C.P.R. como dueña de la propiedad y qué cantidad al Sr. Castro García por concepto de daños sufridos por la expropiación que hizo el Municipio de Cataño. No empece a que el procedimiento de expropiación forzosa es uno *in rem,* es procedente determinar lo concerniente a la compensación por daños a que tiene derecho como arrendatario el Sr. Castro García. 32 L.P.R.A. 2908 y 2911.

Por todo lo cual se revoca la resolución de 29 de abril de 1997 y se ordena la continuación de los procedimientos en el Tribunal de Primera Instancia consistente con lo antes expuesto.

Lo acordó y manda el Tribunal y lo certifica la Señora Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIOS 97 DTA 182

**1.** El tribunal recurrido la tituló *"orden"* pero realmente es una resolución.

**2.** Consta de la Resolución 91-PUT-06 de la Junta de Planificación que ésta designó al Municipio de Cataño para preparar un plan maestro para el desarrollo del frente marítimo de Cataño. Apéndice de la Solicitud de *certiorari*, págs. 37-39.

**3.** En Nerashford se cuestionaba el valor del arrendamiento por ser uno extraordinario.

**4.** Véase Exposición de Motivos de la Ley de la Judicatura de Puerto Rico de 1994.