Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| JOE ANTHONY SILVA<br><br>Apelante<br><br>v.<br><br>BURLINGTON COAT FACTORY OF PUERTO RICO, LLC; BURLINGTON COAT FACTORY WAREHOUSE CORPORATION; ASEGURADORA XYZ; ASEGURADORA ABC; JOHN DOE<br><br>Apelados | KLAN202300020 | *Apelación*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Civil Núm.: PO2022CV00721 (Salón 602)<br><br>Sobre:<br><br>Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y la Jueza Rivera Pérez.

Rivera Pérez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de marzo de 2023.

Comparece el Sr. Joe Anthony Silva (en adelante, Sr. Silva o apelante) mediante recurso de *Apelación* y nos solicita la revisión de la *Sentencia* emitida y notificada el 14 de diciembre de 2022, por el Tribunal de Primera Instancia, Sala Superior de Ponce (en adelante, TPI). Mediante dicho dictamen, el TPI desestimó la demanda presentada por el Sr. Silva por entender que estaba prescrita al momento de radicar la causa de acción.

Por los fundamentos que expondremos, se confirma la *Sentencia* apelada.

I

El 12 de junio de 2019, el Sr. Silva visitó la tienda Burlington localizada en el Centro Comercial Centro del Sur en Ponce. Estando

Número Identificador

SEN 2023_____

dentro de las facilidades de la tienda, solicitó a un empleado una silla de ruedas. Al entregarle la silla, el Sr. Silva cayó al suelo.

El 23 de marzo de 2022, por los hechos ocurridos, el Sr. Silva presentó demanda de daños y perjuicios en contra de Burlington Coat Factory of Puerto Rico, LLC, Burlington Coat Factory Warehouse Corporation, (en adelante, Burlington), y sus respectivas aseguradoras de nombres desconocidos.[1] En la demanda, el Sr. Silva alegó que el 12 de junio de 2019 visitó la tienda Burlington localizada en el centro comercial Centro del Sur en la ciudad de Ponce, que solicitó a un empleado una silla de ruedas y al entregársela cayó al piso. Además, alegó que ese día de los hechos estaba operado de una enfermedad de los discos lumbares y sintió un golpe en el área operada. Además, alegó que mientras los empleados de la tienda le llenaban los documentos sobre el accidente se percató que el empleado que le entregó la silla de ruedas no le puso el seguro antes de entregársela. Arguyó que a consecuencia del accidente fue llevado al Hospital Metropolitano Dr. Pila ubicado en la ciudad de Ponce, recibió tratamiento médico y a consecuencia de la caída lo tuvieron que volver a operar. En su demanda solicitó $7,500.00 por los gastos incurridos para su cuido; $10,000.00 por los pagos atrasados de sus deudas; $50,000.00 por los daños causados a su crédito; $150,000.00 por los daños físicos y $40,000.00 por los daños y angustias mentales.

El 25 de abril de 2022, Burlington presentó *Moción de Desestimación por Prescripción* donde alegó que la caída ocurrió el 12 de junio de 2019; que el demandante no había presentado ninguna reclamación previa en los tribunales, y que el 6 de mayo de 2020, a través de una carta por correo certificado, fue la única comunicación por la cual interrumpieron el término prescriptivo, el

---

[1] Apéndice I de la *Apelación*, a las págs. 1-5.

cual estaba ya prescrito al momento de presentar la segunda carta intentando interrumpir nuevamente el término.[2] Además, alegaron que las comunicaciones que habían sostenido las partes de ninguna forma tuvieron el efecto de interrumpir el término prescriptivo. El 17 de mayo de 2022, el Sr. Silva presentó *Oposición a Moción de Desestimación* donde alegó, entre otras cosas, que las llamadas telefónicas y los correos electrónicos entre ambas partes tuvieron el efecto de interrumpir el término por ser igualmente un medio interruptor válido.[3]

El 19 de mayo de 2022, el TPI dictó *Resolución,* mediante la cual declaró No Ha Lugar la *Moción de Desestimación* presentada por Burlington.[4]

Inconforme, el 27 de mayo de 2022, Burlington presentó *Moción en Solicitud de Reconsideración* aduciendo que entendían que los argumentos de desestimación por prescripción levantados por las partes demandadas en su *Moción de Desestimación por Prescripción* están debidamente fundamentados y reiteraban que el único motivo de la carta por correo electrónico del 29 de agosto de 2020, emitida por el Sr. Silva, era realizar meramente un trámite y no interrumpir el término prescriptivo, a diferencia de las comunicaciones extrajudiciales del 6 de mayo de 2020 y del 17 de mayo de 2021.[5]

A esto, el 6 de junio de 2022, el Sr. Silva presentó *Moción en Oposición a Solicitud de Reconsideración* mediante la cual expresaron que la *Moción en Solicitud de Reconsideración* de los demandados dejaban de exponer con suficiente particularidad y especificidad, los hechos y el derecho que la parte promovente

---

[2] Apéndice II de la *Apelación,* a las págs. 6-24.
[3] Apéndice III de la *Apelación,* a las págs. 25-29.
[4] Apéndice IV de la *Apelación,* a la pág. 30.
[5] Apéndice V de la *Apelación,* a las págs. 31-38.

estimaba que debían reconsiderarse.[6] Burlington, el 9 de junio de 2022, presentó *Réplica a Oposición a Solicitud de Reconsideración*.[7]

El 14 de diciembre de 2022, el TPI reconsideró su dictamen y dictó la *Sentencia* apelada, mediante la cual declaró Ha Lugar la Moción de Reconsideración presentada por Burlington y desestimó la causa de acción de daños y perjuicios por prescripción y falta de jurisdicción.

Inconforme con dicha determinación, el 9 de enero de 2023, el Sr. Silva acudió ante nos mediante el presente recurso de *Apelación*, en el cual señala los siguientes errores:

> **Primer error:** Erró el Tribunal de Primera Instancia al considerar una moción de reconsideración que no cumplía con las Reglas de Procedimiento Civil y otra moción subsiguiente que fue instada fuera del término de 15 días a partir de la notificación de la Resolución. Siendo presentada dicha petición de Reconsideración a destiempo, la sentencia emitida como producto de la misma es inoficiosa.

> **Segundo error:** Erró el Tribunal de Primera Instancia en su aplicación del estándar de evaluación de una Moción de Desestimación. Falló, además, al entender que el único método de interrupción del periodo de prescripción es [a través] de una carta. Debido a lo anterior, el TPI descartó las comunicaciones habidas entre el ajustador de nombre Gonsalves y el Sr. Silva. También dejó de considerar que dicho ajustador no respondía a una compañía de seguros independiente[,] sino que, por el contrario, maneja este tipo de asuntos directamente con las tiendas Burlington. Claramente se colige que el Sr. Gonsalves no es un "tercero". Lo que nos representa y permite afirmar que las reclamaciones llevadas al Sr. Gonsalves equivale a haber reclamado a Burlington. Siendo así, la parte demandada actuó de mala fe y abusó del derecho al negar conocimiento de la reclamación extrajudicial en su contra.

Concedimos un término de treinta (30) días a la parte apelada para que presentara su escrito en oposición. El 8 de febrero de 2023, Burlington presentó *Alegato en Oposición a Apelación*.

Contando con el beneficio de la comparecencia de las partes, procedemos a resolver.

---

[6] Apéndice VI de la *Apelación*, a las págs. 39-41.
[7] Apéndice VII de la *Apelación*, a las págs. 42-45.

**-II-**

### A. *Responsabilidad Civil por Daños*

Sabido es que en nuestro ordenamiento jurídico los actos y omisiones en que intervenga cualquier género de culpa o negligencia son fuentes de obligaciones que generan responsabilidad civil extracontractual. *Pérez Hernández v. Lares Med. Ctr., Inc*, 207 DPR 965, 976 (2021). Al respecto, el Artículo 1042 del Código Civil, 31 LPRA sec. 2992, dispone que "[l]as obligaciones nacen de la ley, de los contratos y cuasicontratos, y de los actos y omisiones ilícitos o en que intervenga cualquier género de culpa o negligencia."[8] Específicamente, respecto a las obligaciones que se derivan de actos culposos o negligentes son de particular aplicación los Artículos 1802 y subsiguientes del Código Civil. *Íd.*

El Artículo 1802 del Código Civil, 31 LPRA sec. 5141, preceptúa de forma general que "[e]l que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado." Para reclamar bajo dicho Artículo el resarcimiento de daños y perjuicios sufridos, un demandante debe establecer: (1) la existencia de un daño real; (2) el nexo causal entre el daño y la acción u omisión del demandado; y (3) el acto u omisión cual tiene que ser culposo o negligente. *Pérez Hernández v. Lares Med. Ctr., Inc*, supra, pág. 976; *López y otros v. Porrata Doria y otros*, 169 DPR 135, 150 (2006).

Al examinar estos requisitos, el Tribunal Supremo ha señalado que el concepto de la culpa "es tan infinitamente amplio como la conducta de los seres humanos e incluye cualquier falta de una persona que produce un mal o daño". *López y otros v. Porrata Doria y otros*, supra, pág. 150, citando a *Colón v. Romero Barceló*,

---

[8] El "Código Civil de Puerto Rico", Edición de 1930, fue derogado y sustituido por la Ley Núm. 55-2020, según enmendada, conocida como *"Código Civil de Puerto Rico" de 2020*, 31 LPRA sec. 5311 *et seq.* No obstante, los hechos que originan la presente controversia tomaron lugar durante la vigencia del código anterior, por lo cual esta es la ley que aplica al caso.

112 DPR 573, 579 (1982). Es decir, incluye todo tipo de transgresión humana tanto en el orden legal como en el orden moral. *Íd.*, pág. 150; *Reyes v. Sucn. Sánchez Soto*, 98 DPR 305, 313 (1970). Por lo tanto, "el actuar que da lugar a la responsabilidad civil ha de ser ilícito, contrario a la ley, orden público o buenas costumbres". (cita omitida) *Íd.*, pág. 150.

En *Gierbolini v. Employers Fire Ins. Co.*, 104 DPR 853, 860 (1976), el Tribunal Supremo explicó que se actúa de manera culposa cuando no se obra como una persona de diligencia normal u ordinaria, un buen padre de familia, conforme a las circunstancias del caso. Lo determinante es cómo se hubiese desenvuelto en una situación parecida una persona "de prudencia común u ordinaria". *Íd*. La culpa "es la falta del debido cuidado, que a la vez consiste en no anticipar y prever las consecuencias racionales de un acto, o de la omisión de un acto, que una persona prudente habría de prever en las mismas circunstancias". *Pérez Hernández v. Lares Med. Ctr., Inc*, supra, págs. 976-977, citando a *López y otros v. Porrata Doria y otros*, supra, pág. 151, citando a *Toro Aponte v. E.L.A.*, 142 DPR 464, 473 (1997). Es también "la omisión de la diligencia exigible, mediante cuyo empleo podría haberse evitado el resultado dañoso". *López y otros v. Porrata Doria y otros*, supra, pág. 151, citando a *Toro Aponte v. E.L.A.*, supra, pág. 473, citando a C. Rogel Vide, *La Responsabilidad Civil Extracontractual*, Ed. Civitas, 1976, pág. 90.

Otro requisito esencial de la causa de acción bajo el Artículo 1802 del Código Civil, *supra,* es la existencia de un daño. Este se ha definido como "todo menoscabo material o moral causado contraviniendo una norma jurídica, que sufre una persona y del cual haya de responder otra". (cita omitida) *López y otros v. Porrata Doria y otros*, supra, pág. 151. Sin daño o perjuicio no existe obligación de indemnizar. *Íd.*

Por último, el deber de indemnizar "presupone nexo causal entre el daño y el hecho que lo origina, pues sólo se han de indemnizar los daños que constituyen una consecuencia del hecho que obliga a la indemnización". *López y otros v. Porrata Doria y otros*, supra, pág. 151, citando a *Estremera v. Inmobiliaria Rac., Inc.*, 109 DPR 852, 856 (1980). En nuestro ordenamiento jurídico, rige la doctrina de causalidad adecuada, la cual establece que "no es causa toda condición sin la cual no se hubiera producido el resultado, sino la que ordinariamente lo produce según la experiencia general." *Pérez Hernández v. Lares Med. Ctr., Inc*, supra, págs. 976-977, citando a *López y otros v. Porrata Doria y otros*, supra, pág. 151, citando a *Soc. de Gananciales v. Jerónimo Corp.*, 103 DPR 127, 134 (1974). Este concepto de la causa postula, además, que la ocurrencia del daño que da base a la reclamación era previsible dentro del curso normal de los acontecimientos. *López y otros v. Porrata Doria y otros*, supra, pág. 152. Es decir, causa es la condición que ordinariamente produce el daño, según la experiencia general, y este nexo causal puede romperse ante la ocurrencia de un acto extraño. *Íd.*; *Elba A.B.M. v. U.P.R.*, 125 DPR 294, 310 (1990).

La prescripción extintiva es materia de naturaleza sustantiva, no procesal, que se rige por los principios del Código Civil. *Fraguada Bonilla v. Hosp. Aux. Mutuo,* 186 DPR 365, 373 (2012). A través de ésta se extingue el derecho a ejercer una causa de acción.

El fundamento de la prescripción es promover que las personas que ejerciten su causa de acción la insten de forma oportuna y diligente. *Maldonado Rivera v. Suarez*, 195 DPR 182, 192 (2016). El propósito de esta norma es castigar la inercia que pudiera generar un estado de indefensión producto del transcurso del tiempo, que, a su vez, conlleva consecuencias inevitables, como la pérdida de evidencia. *Campos v. Cía. Fom. Ind.*, 153 DPR 137, 143-144 (2001).

El efecto neto es que, una vez se agota el término prescriptivo, se extingue el derecho a ejercer la causa de acción, con la correspondiente exoneración para la persona hasta entonces sujeta a responder. *Maldonado Rivera v. Suarez, supra*, pág. 193.

La reclamación para exigir responsabilidad extracontractual prescribe por el transcurso de un (1) año, contado desde que la persona agraviada conoce la existencia del daño y quien lo causó. Artículo 1204 del Código Civil, 31 LPRA sec. 9496; *Ojeda Ojeda v. El Vocero*, 137 DPR 315 (1994); *Meléndez Vega v. El Vocero*, 144 DPR 389 (1997); *Colón Prieto v. Géigel*, 115 DPR 232, 247 (1984).

No obstante, dicho término está sujeto a interrupción mediante: la correspondiente acción judicial; la reclamación extrajudicial; y el reconocimiento de la deuda por parte del deudor. Artículo 1873 del Código Civil, 31 LPRA ant. sec. 5303. Una vez se efectúe alguna interrupción de modo eficaz, el término prescriptivo comienza a transcurrir nuevamente. *SLG García-Villega v. ELA et al.*, 190 DPR 799, 815 (2014).

La interrupción extrajudicial de la prescripción se refiere a la "manifestación inequívoca de quien, amenazado con la pérdida de un derecho, expresa su voluntad de no perderlo." *Cooperativa de Seguros Múltiples de P.R. v. Carlo Marrero*, 182 DPR 411, 428 (2011), citando a *Feliciano v. A.A.A.*, 93 DPR 655 (1966); *Sánchez v. Aut. de los Puertos*, 153 DPR 559 (2001).

Para interrumpir el término prescriptivo de la acción en daños mediante reclamación extrajudicial, es necesario que dentro de ese término el acreedor del derecho informe o manifieste su voluntad de reclamar por los perjuicios que le ha causado la actuación u omisión del deudor. *Íd.*, supra, págs. 428-429; *Cintrón v. E.L.A.*, 127 DPR 582, 588 (1990).

La eficacia de la interrupción dependerá de: la oportunidad (que se realice antes de la consumación del plazo); la legitimación

(que la realice el titular del derecho); la identidad (que se trate del derecho afectado); y la idoneidad del medio utilizado. *Íd.*, pág. 816. La reclamación extrajudicial puede plasmarse mediante distintos actos, mas todos ellos tienen que cumplir con los requisitos de oportunidad, identidad, legitimación e idoneidad. *Galib Frangie v. El Vocero de P.R.,* 138 DPR 560, 567 (1995).

El elemento de identidad se cumple cuando "la acción ejercitada [corresponde] exactamente al derecho que está afectado por la prescripción". *Galib Frangie v. El Vocero de P.R., supra.* Es necesario que el acreedor realice el acto extrajudicial que interrumpe el plazo, de forma clara e inequívoca; que no deje dudas acerca de su intención. *Galib Frangie v. El Vocero de P.R., supra.* "Ante todo es menester tomar en consideración que lo que la ley considera un acto interruptivo de la prescripción es el ejercicio de la misma acción que está prescribiendo. Debe existir identidad entre la acción ejercitada y la acción en prescripción." *Cintrón v. E.L.A., supra.*

Además, se ha expresado que se debe "realizar un verdadero acto de reclamación de la deuda, en el cual se refleje perfectamente el *animus conservandi*". *Galib Frangie v. El Vocero de P.R., supra,* pág. 567. Dicho de otro modo, en dicha reclamación extrajudicial debe quedar patente la voluntad del acreedor, no debe dejar dudas acerca de su intención, sin que la ley exija forma especial alguna. *Íd.* La interrupción extrajudicial de la prescripción hace que el plazo prescriptivo comience a decursar de nuevo. *Díaz de Diana v. A.J.A.S. Ins. Co.,* 110 DPR 471, 474 (1980).

**-III-**

En su recurso de *Apelación,* el Sr. Silva señala como primer error, que erró el TPI al considerar una moción de reconsideración que no cumplía con las Reglas de Procedimiento Civil, y otra moción subsiguiente que fue instada fuera del término de quince (15) días

contados a partir de la notificación de la *Resolución.* No le asiste la razón. Veamos.

La *Resolución* que declaró No Ha Lugar la *Moción de Desestimación* presentada por la parte apelada fue emitida por el TPI el 19 de mayo de 2022. El término de quince (15) días para presentar la reconsideración culminaba el 3 de junio de 2022. Burlington presentó su *Moción en Solicitud de Reconsideración* el 27 de mayo de 2022. Por lo tanto, la moción en solicitud de reconsideración fue presentada dentro del plazo establecido en la Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47, y no fue presentado de forma tardía como alega el Sr. Silva.

En su segundo señalamiento de error, el Sr. Silva alega que el TPI erró en su aplicación del estándar de evaluación de una *Moción de Desestimación* y, además, falló al entender que el único método de interrupción del periodo de prescripción era a través de una carta. Veamos.

El incidente del cual surge la causa de acción del Sr. Silva en la tienda Burlington dio lugar el 12 de junio de 2019. Para instar demanda por los daños y perjuicios alegadamente sufridos por el incidente, el término de un año para este tipo de causa de acción se extendía hasta el 11 de junio de 2020 (año bisiesto). Sin embargo, el 6 de mayo de 2020, el Sr. Silva remitió una misiva a Burlington la cual titulaba como *"Acción de Interrupción de Periodo Prescriptivo".*[9] El propósito de la carta era interrumpir el término prescriptivo extrajudicialmente sobre la causa de acción del Sr. Silva contra Burlington. La carta leía de la siguiente manera:

> *"Antes de la consumación del plazo de prescripción, le informamos sobre la presente acción de interrupción de la acción de daños y perjuicios contra usted y a favor del remitente de esta misiva, el Sr. Joe Anthony Silva Rivera.*
> *Los hechos que dan lugar al derecho de recobrar los daños sufridos son los que se describen a continuación:*

---

[9] Véase nota al calce 2, págs.14-16.

a. *El Sr. Joe Anthony Silva padecía de una enfermedad del disco lumbar y fue operado como resultado de este padecimiento.*

b. *El 12 de junio de 2019 el Sr. Joe Anthony Silva estaba disfrutando en calidad de cliente una visita dentro de la tienda Burlington localizada en el centro comercial Centro del Sur localizado en la ciudad de Ponce, Puerto Rico.*

c. *Ese mismo día, el Sr. Joe Anthony Silva le solicitó a uno de los empleados de Burlington una silla de ruedas.*

d. *El empleado accedió a su petición, pero cuando el Sr. Joe Anthony Silva se proponía a sentarse en la silla de ruedas se cayó al piso.*

e. *La caída se debió a que el empleado de la tienda Burlington no puso el seguro de la silla de ruedas, lo que provocó la estr[e]pitosa caída.*

f. *El Sr. Joe Anthony Silva fue llevado el 12 de junio de 2019 al Hospital Metropolitano Dr. Pila ubicado en la ciudad de Ponce, Puerto Rico, porque sentía un fuerte dolor en el cuello y la espalda baja.*

g. *El médico que le brindó atención al Sr. Joe Anthony Silva en el Hospital Dr. Pila reportó los siguientes hallazgos: "Postsurgical changes with the presence of Harrington rods identified from the L2 down to the L5-S1 level. Laminectomy identified at the L4 and L5 level. Straightened normal lumbar lordosis. Lumbar paraspinal spasm. Constipation.*

*Que lo anterior constituye una breve exposición de las acciones y omisiones incurridas por BURLINGTON COAT FACTORY OF PUERTO RICO, LLC BURLINGTON COAT FACTORY WAREHOUSE CORPORATION, sus empleados, contratistas, agentes, Aseguradora XXY y John Doe, y que han resultado en daños a la salud física, mental y emocional del Sr. Joe Anthony Silva Rivera.*

*En Ponce, PR a 6 de mayo de 2020.*

*LIC. MARIELI GARCIA MORENO*
*LIC. ELAINE GUZMÁN CORTÉS*

De la evaluación de la carta surge que la misiva cumplió con los requisitos para interrumpir el término prescriptivo de la causa de acción. Al Sr. Silva interrumpir el término prescriptivo de un año mediante la carta del 6 de mayo de 2020, esto tuvo el efecto de que comenzara a decursar el término prescriptivo nuevamente. Por tanto, el nuevo término para el Sr. Silva presentar su demanda, al amparo de la causa de acción por daños y perjuicios, prescribía el **6 de mayo de 2021**.

Posteriormente, entre las partes hubo algún tipo de comunicación conducente a solicitar información e investigar la reclamación realizada por el Sr. Silva. En específico la parte apelante alega que su comunicación electrónica del **29 de agosto de 2020**, dirigida al Sr. Gabriel Gonsalves (en adelante, Sr. Gonsalves o ajustador) tuvo el efecto de interrumpir nuevamente el término prescriptivo.[10]   Dicha comunicación se llevó a cabo entre la representación legal del Sr. Silva y el Sr. Gonsalves. El correo electrónico contenía la siguiente información:

> *Estimado señor Gonsalves:*
>
> *Reciba un cordial saludo.*
>
> *Acuso recibo de su petición del 19 de agosto y mediante el cual solicita evidencia de los daños sufridos por el Sr. Anthony Joe Silva. La misma le será enviada, pero quisiera conocer la fecha límite para responder a su requerimiento.*
>
> *Aprovecho para indicarle que toda comunicación sobre esta notificación extrajudicial deberá ser enviada a la siguiente dirección:*
>
> **LIC. ELAINE GUZMAN CORTES**
> **D: Estancias del Golf Club 178, Ponce PR 00730**
> **T: 787-249-0890**
> **C: lic.elaineguzman@gmail.com**
>
> *Descarte, por favor, la información de contacto anterior.*
>
> *Sin otro particular al cual referirme, quedo*
>
> *Atentamente*
> *f/ Elaine Guzmán Cortés*

Como establecimos anteriormente, el término prescriptivo se puede interrumpir de tres maneras: (1) mediante la presentación de la demanda judicial o de la reclamación administrativa o arbitral por el acreedor contra el deudor, en resguardo del derecho que le pertenece; y en el caso de acciones disciplinarias, por la presentación de la queja; (2) **por una reclamación extrajudicial hecha por el acreedor, dirigida al deudor**; o (3) por el

---

[10] Véase nota alcalce 2, pág. 24.

reconocimiento de la obligación por el deudor. Si se interrumpe por alguna de las anteriores, entonces comienza nuevamente a transcurrir el cómputo del plazo prescriptivo.

De la evaluación y análisis de la comunicación electrónica del 29 de agosto de 2020, podemos colegir que la referida comunicación por correo electrónico no cumple con los requisitos que ha establecido el Tribunal Supremo para que se considere una manera de manifestar de forma inequívoca una reclamación de su acreencia con el fin de no perder su derecho. *Cooperativa de Seguros Múltiples de P.R. v. Carlo Marrero,* supra. El Tribunal Supremo ha indicado que para que una reclamación extrajudicial interrumpa el término prescriptivo, debe cumplirse con los siguientes requisitos: 1) la reclamación debe ser oportuna, lo cual requiere que se realice antes de la consumación del plazo; 2) es necesaria la legitimación del reclamante, es decir, que la reclamación se haga por el titular del derecho o acción; 3) se requiere la idoneidad del medio utilizado para realizar la reclamación; y 4) debe existir identidad entre el derecho reclamado y aquél afectado por la prescripción. *Galib Frangie v. El Vocero*, supra.

Según surge del expediente, en este caso, el **6 de mayo de 2020**, el Sr. Silva remitió una misiva a la parte apelada, Burlington, en donde clara y expresamente interrumpía el término prescriptivo. Posteriormente, el 17 de mayo de 2021, cursaron otra carta con el mismo propósito de interrumpir nuevamente el término prescriptivo.[11] Esta segunda carta fue enviada once (11) días posteriores a la fecha del vencimiento del término prescriptivo del 6 de mayo de 2021. Por lo tanto, aunque la reclamación fue hecha por el titular del derecho o acción, el medio utilizado fue el idóneo y existía identidad entre el derecho reclamado y aquel afectado por la

---

[11] Véase nota alcalce 2, págs. 19-23.

prescripción no fue oportuna pues fue presentada fuera del término prescriptivo de un año contado a partir del 6 de mayo de 2020, y no tuvo el efecto de interrumpir el término prescriptivo.

Sin embargo, como concluimos anteriormente, la comunicación por correo electrónico cursada por parte del Sr. Silva a Burlington el **29 de agosto de 2020**, **no tuvo el efecto de interrumpir el término** prescriptivo, pues el mero hecho de que las partes sostuvieran comunicaciones durante el proceso de investigación no implica una interrupción a dicho término. Tampoco surge del expediente que la parte apelada, Burlington, haya realizado un reconocimiento espontáneo que tuviese el objetivo de reconocer alguna deuda o responsabilidad.

De conformidad al análisis anteriormente esbozado, concluimos que, al Sr. Silva no interrumpir el término prescriptivo oportunamente dentro de las fechas del 6 de mayo de 2020 al 6 de mayo de 2021, la demanda fue presentada fuera del término prescriptivo que tenía el apelante para reclamar los alegados daños producto del accidente ocurrido el 12 de junio de 2019. En el caso de marras, la parte apelante presentó su demanda el 23 de marzo de 2022, diez (10) meses y diecisiete (17) días más tarde, estando la causa de acción prescrita.

**-IV-**

Por los fundamentos anteriormente expuestos, se confirma la *Sentencia* apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones
