Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| ADRIAN RAMOS LOPEZ, SUCESION JOSEFA ANTONIA APONTE LOPEZ, ET ALS<br><br>Recurridos<br><br>V.<br><br>**MUNICIPIO DE SAN LORENZO**, JAIME ALVERIO RAMOS, ALCALDE DE SAN LORENZO, ET ALS, ASEGURADORAS X, Y y/o Z<br><br>Peticionario | TA2026CE00389 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.: CG2025CV03606<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidenta; la Juez Lebrón Nieves, el Juez Pagán Ocasio y la Jueza Álvarez Esnard

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 30 de abril de 2026.

El 30 de marzo de 2026, compareció ante este Tribunal de Apelaciones, el Municipio de San Lorenzo (en adelante, Municipio o parte peticionaria), mediante *Certiorari.* Por medio de este, nos solicita que, revisemos la *Resolución* emitida y notificada el 18 de noviembre de 2025 por el Tribunal de Primera Instancia, Sala Superior de Caguas. En virtud de la *Resolución,* el foro *a quo* declaró NO HA LUGAR la *Moción para Desestimar la Demanda por Defecto Jurisdiccional Fatal y Subsidiariamente, Por Prescripción* presentada por el Municipio y ordenó la continuación de los procedimientos.

Por los fundamentos que adelante se esbozan, se *expide* el recurso de *Certiorari* y se modifica el dictamen recurrido, y así modificado, se confirma.

**I**

Los hechos que suscitaron el recurso de epígrafe se remontan a una *Demanda* sobre daños y perjuicios presentada el 14 de

octubre de 2025, por Adrián Ramos López, la Sucesión Josefa Antonia Aponte López compuesta por Melba del C. Ramos Aponte, José A. Ramos Aponte, Adrián A. Ramos Aponte y Lourdes L. Ramos Aponte (en adelante, parte recurrida) en contra del Municipio, Jaime Alverio Ramos, Alcalde de San Lorenzo, et als, aseguradoras X, Y y/o Z. Según surge de la *Demanda*, el 25 de agosto de 2023, se celebró en la Plaza de los Alcaldes del Municipio de San Lorenzo, la actividad "Plazarte Juventud Samaritana". La parte recurrida alegó que, como parte de la actividad, se instaló un "kiosko" en su propiedad, sin su autorización. De acuerdo a la parte recurrida, tan pronto advino en conocimiento de ello, se presentó a su propiedad donde encontró a unos empleados municipales dentro de su balcón, cajas de botellas de agua, un cilindro de gas y unos cables que formaban parte de la actividad. Indicó, además, que era de conocimiento público que su propiedad era privada, y que en ningún momento se le solicitó permiso para entrar a la propiedad ni para colocar objetos en esta.

Asimismo, se desprende de la *Demanda* que, del 8 al 10 de diciembre de 2023, se celebró la actividad "Plazarte y Gastronomía en Navidad" en la Plaza de los Alcaldes. Nuevamente fue instalado un "kiosko" en la propiedad de la parte recurrida sin su autorización. La parte recurrida sostuvo que, dichas acciones le causaron daños y perjuicios atribuibles a la responsabilidad de los funcionarios y entidades del Municipio involucrados en dicha situación.

El 15 de octubre de 2025 el foro primario expidió el *Emplazamiento*. El día siguiente, el Tribunal de Primera Instancia emitió *Orden* donde le ordenó a la parte recurrida a informar sobre el diligenciamiento del emplazamiento dentro del término de 30 días.

Así las cosas, el 5 de noviembre de 2025, la parte recurrida presentó *Moci[ó]n Acompañada de Documento*, y anejó copia de

diligenciamiento del emplazamiento. De acuerdo al emplazamiento anejado, este fue diligenciado el 31 de octubre de 2025.

La parte peticionaria, sin someterse a la jurisdicción del foro recurrido, presentó el 4 de diciembre de 2025, *Moción para Desestimar la Demanda por Defecto Jurisdiccional Fatal y Subsidiariamente, Por Prescripción.* En primer lugar, expresó que no procedía la causa de acción en su contra, dado a que la parte recurrida no cumplió con notificar al Municipio el alegado daño sufrido, dentro de los 90 días de ocurrido, conforme exige la Ley Núm. 107-2020, *infra.* Mencionó que, el Art. 1.051 del aludido estatuto dispone el requisito jurisdiccional de notificación al municipio de cualquier reclamación que un ciudadano tenga en su contra y de su intención de demandar por los daños sufridos. Según señaló la parte peticionaria, la *Demanda* carecía de alegación que demostrara que la parte recurrida cumplió con la aludida notificación previa, ni en tiempo, ni en forma, ni por ninguno de los mecanismos admitidos por ley. Expresó que, la parte recurrida no alegó circunstancia excepcional alguna que suspendiera o extendiera dicho término. Argumentó que, el hecho de que la parte recurrida no mencionara tal requisito en su demanda no constituía un defecto menor, sino, una admisión implícita de incumplimiento, que priva al foro recurrido de jurisdicción desde el inicio. Asimismo, reseñó que, la parte recurrida contaba hasta el 23 de noviembre de 2023 para notificar al Municipio, no obstante, esta presentó la *Demanda* el 14 de octubre de 2025, cuando ya había vencido el término para notificar. Por tanto, según razonó la parte peticionaria, la capacidad jurídica de la parte recurrida para iniciar una acción contra el Municipio se extinguió como cuestión de derecho. Lo anterior, privaba al foro *a quo* de atender la controversia de epígrafe por falta de jurisdicción.

De igual manera, la parte peticionaria también arguyó que, la acción de epígrafe se encontraba prescrita conforme al Artículo 1204 del Código Civil de Puerto Rico. Sostuvo que, el término de un año disponible para que la parte recurrida presentara su causa de acción por los alegados hechos ocurridos el 25 de agosto de 2023 había transcurrido. Puesto que, la *Demanda* fue presentada el 14 de agosto de 2025, la causa de acción prescribió. Adujo que, la reiteración de hechos en diciembre de 2023 no reiniciaba ni extendía el término prescriptivo.

Finalmente, la parte peticionaria solicitó al foro *a quo* declarar No ha Lugar la *Demanda* por falta de jurisdicción, por incumplimiento del Art. 1.051 del Código Municipal. En la alternativa, que declarara prescrita la causa de acción al amparo del Art. 1204 del Código Civil, y desestimara con perjuicio la *Demanda* en cuanto al Municipio.

Transcurridas varias incidencias procesales, innecesarias pormenorizar, la parte recurrida presentó *Oposici[ó]n a "Moci[ó]n para Desestimar la Demanda por Defecto Jurisdiccional Fatal y, Subsidiariamente, por Prescripci[ó]n"*. Por medio de la aludida moción, la parte recurrida aseguró haber cumplido con el requisito de notificación, al notificarle al Municipio su intención de demandar por medio de correo certificado con acuse de recibo el 2 de marzo de 2024. En cuanto a la solicitud de desestimación por prescripción, la parte recurrida señaló que, conforme al ordenamiento jurídico vigente, se permite la interrupción del término prescriptivo en circunstancias específicas reconocidas por el Artículo 1873 del Código Civil de 2020. A saber: por el ejercicio ante los tribunales, por reclamación extrajudicial de la persona acreedora y por cualquier otro acto de reconocimiento de la deuda por la persona deudora. La parte recurrida explicó que previamente, el 20 de agosto

de 2024, presentó una demanda[1] por los mismos hechos que fue desestimada sin perjuicio mediante Sentencia notificada el 30 de mayo de 2025, y que, por ello, el término prescriptivo se paralizó y comenzó a transcurrir un nuevo término desde que la sentencia advino final y firme. Por tanto, entendió que la *Demanda* se presentó dentro del término prescriptivo y no procedía su desestimación.

El 26 de febrero de 2026, el Tribunal de Primera Instancia, emitió *Resolución* donde resolvió lo siguiente:

### DERECHO APLICABLE

El estado de derecho permite la interrupción de los términos prescriptivos mediante tres mecanismos expresamente determinados por ley. <u>Nevárez Agosto v. United Surety et al.</u>, 209 DPR 346 (2022); <u>Conde Cruz v. Resto Rodríguez et al.</u>, 205 DPR 1043, 1067 (2020). A estos fines, el Artículo 1873 del Código Civil de 1930, 31 LPRA sec. 5303, dispone que la prescripción de las acciones se interrumpe por el ejercicio ante los tribunales, por reclamación extrajudicial de la persona acreedora y por cualquier otro acto de reconocimiento de la deuda por la persona deudora. Íd.; <u>Ross Valedón y otro v. Hospital Dr. Susoni Health Community Services, Corp. y otros</u>, 2024 TSPR 10, resuelto el 7 de febrero de 2024; <u>Díaz Santiago v. International Textiles</u>, 195 DPR 862 (2016).

Se hace énfasis en lo resuelto por el Tribunal Supremo de que: *"la interrupción a través del ejercicio ante los tribunales "tiene el resultado de interrumpir y congelar el término prescriptivo si la acción se presentó oportuna y eficazmente de manera que **el nuevo término iniciará cuando culmine efectivamente el proceso judicial**". (Negrilla y énfasis suplidos). <u>Nevárez Agosto v. United Surety et al.,</u> 209 DPR 346, 357 esc. 7 (2022) (citando a <u>Díaz Santiago v. International Textiles,</u> 195 DPR 862, 869 (2016)). Es decir, el momento crucial en el cual ocurre la reactivación y el transcurso del término prescriptivo es cuando termina definitivamente el reclamo ejercido originalmente. <u>Moa v. E.L.A.,</u> 100 DPR 573, 591 (1972) (citando a <u>Vda. de Carlo v. Toro,</u> 99 DPR 200, 225 (1970)); <u>Feliciano v. A.A.A.,</u> 93 DPR 655, 661 (1966). En aquellos casos en que la culminación efectiva requiere la intervención del tribunal y esta no ha sido tras un desistimiento, hemos resuelto que el nuevo término comenzará a contarse desde que el foro judicial emite una sentencia y esta adviene final y firme. Al respecto, particularmente en <u>Durán Cepeda v. Morales Lebrón,</u> 112 DPR 623 (1982), precisamos que una "demanda interpuesta ante un foro sin jurisdicción o competencia interrumpe el plazo prescriptivo desde su presentación y causa que **comience a contar un nuevo término al***

---

[1] Caso Civil Número CG2024CV03004.

***emitir sentencia final y firme el primer foro"***. *(Negrilla y énfasis suplidos). Íd., pág. 630.* <u>Ross Valedón v Hospital Dr. Susoni Health Community Services, Corp y otros</u>, 213 DPR __, 2024TSPR10.

Por lo tanto, ante la interrupción del término prescriptivo, el nuevo término inició con la Sentencia final sin perjuicio, emitida en cuanto al reclamo ejercido originalmente, por lo que no procede desestimar. Además, teniendo en cuenta que en nuestro ordenamiento existe una clara política judicial de que todos los casos sean ventilados en sus méritos, garantizando así un debido proceso de ley, <u>Rivera et al v. Superior Pkg., Inc. et al</u>, 132 DPR 115, 124 (1992), y que la desestimación de una demanda debe utilizarse como último recurso y sólo en casos extremos y meritorios, <u>Amaro González v First Fed. Savs.</u>, 132 D.P.R. 1042 (1993); <u>Fernández Sánchez v. Fernández Rodríguez</u>, 120 D.P.R. 422 (1988), resolvemos.

Repasadas las alegaciones de la demanda, la solicitud de desestimación de la parte demandada, la oposición de la parte demandante y la jurisprudencia y el derecho aplicable, este Tribunal declara **NO HA LUGAR** la *Moción para Desestimar la Demanda por Defecto Jurisdiccional Fatal y Subsidiariamente, Por Prescripción*, de la demandada y se ordena la continuación de los procedimientos en este caso.

Inconforme, el 12 de marzo de 2026, la parte peticionaria presentó *Moción de Reconsideración*, la cual fue declarada No Ha Lugar por el Tribunal de Primera Instancia mediante *Orden* emitida el 13 de marzo de 2026.

En desacuerdo, la parte peticionaria presentó el recurso de epígrafe, donde le imputó al foro recurrido los siguientes señalamientos de error:

**Primer Error:** El Tribunal de Primera Instancia erró al no adjudicar expresamente si la notificación requerida por el Artículo 1.051 del Código Municipal de Puerto Rico fue cursada dentro del término jurisdiccional fatal de noventa (90) días, a pesar de que dicho planteamiento fue el argumento central de la moción de desestimación y constituye un requisito jurisdiccional cuyo incumplimiento priva al Tribunal de la autoridad para adjudicar la reclamación contra el Municipio.

**Segundo Error:** El Tribunal de Primera Instancia erró al confundir y tratar como equivalentes el análisis del término prescriptivo de la acción de daños con el requisito jurisdiccional especial de notificación previa al Municipio dispuesto en el Artículo 1.051 Del Código Municipal, siendo estos dos requisitos distintos, independientes y no intercambiables.

**Tercer Error:** El Tribunal de Primera Instancia erró al concluir que la demanda previa presentada en el caso CG2024CV03004 produjo efectos interruptores de la prescripción respecto al Municipio de San Lorenzo, cuando en dicho caso nunca se adquirió jurisdicción personal sobre el municipio al no haberse perfeccionado el emplazamiento conforme a derecho.

El 17 de abril de 2026, la parte recurrida presentó el *Alegato de la Parte Recurrida.*

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

## II

### A. El Certiorari

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020)[2]. Ahora bien, tal "discreción no opera en lo abstracto. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones[3], dispone los criterios que dicho foro deberá considerar, de manera que pueda ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas". (citas omitidas) *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *Pueblo v. Rivera Montalvo*, supra, pág. 372; *Torres González v. Zaragoza Meléndez*, supra, pág. 848. La precitada Regla dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

---

[2] Véase también, *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).

[3] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. __, 215 DPR __ (2025). https://dts.poderjudicial.pr/ts/2025/2025tspr42.pdf

(B)   Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C)   Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D)   Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E)   Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F)   Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G)   Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[4]

No obstante, "ninguno de los criterios antes expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, es determinante, por sí solo, para este ejercicio de jurisdicción, y no constituye una lista exhaustiva". *García v. Padró*, 165 DPR 324, 327 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97.

El certiorari, como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso. *Pérez v. Tribunal de Distrito*, 69 DPR 4, 7 (1948). Este procede cuando no está disponible la apelación u otro recurso que proteja eficaz y rápidamente los derechos del peticionario. *Pueblo v. Tribunal Superior*, 81 DPR 763, 767 (1960). Nuestro Tribunal Supremo ha expresado también que "de ordinario, el tribunal apelativo no

---

[4] *Íd.*

intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial*". Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992*); Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

### B. Requisito de Notificación al Municipio

Con el propósito de que toda la legislación relacionada a los municipios se codificara en una sola ley, para facilitar el análisis y establecer un solo ordenamiento jurídico estructurado y compilado que contenga todas las obligaciones y responsabilidades municipales, fue creado el Código Municipal de Puerto Rico, en virtud de la Ley Núm. 107 de 13 de agosto de 2020, según enmendada. Cabe destacar que, el Código Municipal derogó la Ley Núm. 81 de 30 de agosto de 1991, según enmendada, conocida como la *Ley de Municipios Autónomos de Puerto Rico.*

Con relación al derecho de una persona, natural o jurídica, a instar una reclamación judicial en contra de una municipalidad del ELA, el Código Municipal de Puerto Rico, dispone una serie de requisitos que deben observarse previo a la presentación de la aludida reclamación judicial. Particularmente, el Código Municipal establece un requisito de notificación previa en su Artículo 1.051, que reza como sigue:

> Toda persona que tenga reclamaciones de cualquier clase contra un municipio por daños personales o a la propiedad, ocasionados por la culpa o negligencia del municipio, **deberá presentar una notificación escrita dirigida al Alcalde, haciendo constar en forma clara y concisa la fecha, lugar, causa y naturaleza general del daño sufrido**. En dicha notificación **se especificará, además, la cuantía de la compensación monetaria o el tipo de remedio adecuado al daño sufrido, los nombres y direcciones de sus testigos y la dirección del reclamante, y en**

**los casos de daño a la persona, el lugar donde recibió tratamiento médico en primera instancia**.

**(a)** Forma de entrega y término para hacer la notificación. — Dicha notificación se entregará al Alcalde, se remitirá por correo certificado a la dirección designada por el municipio o por diligenciamiento personal, acudiendo a la oficina del Alcalde durante horas laborables, y haciendo entrega de la misma a su secretaria personal o al personal administrativo expresamente autorizado a tales fines. **La referida notificación escrita deberá presentarse dentro de los noventa (90) días siguientes a la fecha en que el reclamante tuvo conocimiento de los daños reclamados**. Si el reclamante está mental o físicamente imposibilitado para hacer dicha notificación en el término antes establecido, no quedará sujeto al cumplimiento del mismo, debiendo hacer la referida notificación dentro de los treinta (30) días siguientes a la fecha en que cese la incapacidad. Si el perjudicado fuere un menor de edad o una persona sujeta a tutela, la persona que ejerza la patria potestad o la custodia del menor, o el tutor, según fuere el caso, estará obligada a notificar al Alcalde la reclamación dentro de los noventa (90) días siguientes a la fecha en que tuvo conocimiento de los daños que se reclaman. Lo anterior no será obstáculo para que el menor o la persona sujeta a tutela haga la referida notificación por su propia iniciativa dentro del término prescrito, si quien ejerce la patria potestad, custodia o tutela no lo hace.

**(b)** Requisito jurisdiccional. — **No podrá responsabilizarse, ni iniciarse acción de clase alguna contra un municipio, en reclamaciones por daños causados por culpa o negligencia, a menos que el reclamante haga la notificación escrita, en la forma, manera y en los plazos de caducidad dispuestos en este Artículo.** No constituirá una notificación válida, aquella que se presente en alguna otra entidad estatal o municipal que no sea la del municipio contra el que se presenta la reclamación.

**(c)** Salvedad. —Este Artículo no modificará en forma alguna, para aquellos reclamantes que cumplan con sus disposiciones, el término prescriptivo en el Código Civil de Puerto Rico.[5] (Énfasis suplido).

El fin público específico del requisito de notificación es dar conocimiento a la entidad municipal de que existe un posible pleito en su contra y así proteger a los municipios de acciones ajenas a su conocimiento. *Toledo Delgado et al. v. Mun. Ponce et al.*, 195 DPR

---

[5] 21 LPRA sec. 7082.

449, 454 (2016); *Mangual v. Tribunal Superior,* 88 DPR 491, 494 (1963). Según ha puntualizado el Máximo Foro, la notificación previa tiene las siguientes ventajas: "(1) proveerle a los municipios la oportunidad de investigar los hechos que originaron la reclamación; (2) conocer posibles testigos de los hechos; (3) mitigar el importe de daños sufridos, y (4) permitir a los municipios la inspección inmediata del lugar del accidente, entre otras ventajas". *Rivera Serrano v. Mun. de Guaynabo*, 191 DPR 679, 688 (2014); *Rivera Fernández v. Municipio Autónomo de Carolina*, 190 DPR 196, 204 (2014).

El cumplimiento del requisito de notificación es una condición previa indispensable para la iniciación de cualquier acción judicial en resarcimiento de daños y perjuicios en contra de un municipio. *Íd.*

## C. *La prescripción extintiva*

En nuestra jurisdicción, la prescripción es una institución de derecho sustantivo, no procesal, que constituye una de las formas de extinción de las obligaciones. *Birriel Colón v. Econo y otro*, 213 DPR 80, 95 (2023); *Ross Valdón v. Hosp. Dr. Susoni et al.*, 213 DPR 481,496 (2024); *Serrano Rivera v. Foot Locker Retail Inc.*, 182 DPR 824, 831 (2011). La prescripción, además, castiga la inercia en el ejercicio de los derechos, ya que el mero transcurso del periodo de tiempo establecido por ley, sin que el titular del derecho lo reclame, da lugar a una presunción legal de abandono. *Fraguada Bonilla v. Hosp. Aux. Mutuo*, 186 DPR 365, 372 (2012). En particular, el término prescriptivo busca fomentar el establecimiento oportuno de las acciones, en aras de asegurar que el transcurso del tiempo no confundirá ni borrará el esclarecimiento de la verdad en sus dimensiones de responsabilidad y evaluación de la cuantía. *Íd.*, pág. 374. Asimismo, tiene como propósito "castigar la dejadez en el ejercicio de los derechos y evitar litigios que sean difíciles de

adjudicar debido a la antigüedad de las reclamaciones". *Acevedo y otros v. Depto. Hacienda y otros*, 212 DPR 335, 355-356 (2023), citando a *SLG García-Villega v. ELA et al.*, 190 DPR 799, 812 (2014).

En lo que respecta a la responsabilidad extracontractual, el Artículo 1204 del Código Civil de Puerto Rico, dispone que, prescribe por el transcurso de un año, la reclamación para exigir responsabilidad extracontractual contado desde que la persona agraviada conoce la existencia del daño y quien lo causó.[6]

La prescripción extintiva puede ser interrumpida mediante (1) **el ejercicio de la acción ante los tribunales**; (2) la reclamación extrajudicial, o (3) cualquier acto o reconocimiento de la obligación por parte del deudor. *Ross Valdón v. Hosp. Dr. Susoni et al.*, supra, pág. 495. (Énfasis nuestro). En cuanto a la interrupción por el ejercicio de la acción ante los tribunales, esta tiene el resultado de interrumpir y congelar el término prescriptivo en las instancias en las que la acción se presente oportuna y eficazmente, de forma que el nuevo termino dará inicio cuando culmine efectivamente el proceso judicial. *Íd.* pág. 496. El momento crucial donde ocurre la reactivación y el transcurso del término prescriptivo es cuando termina de forma definitiva el reclamo ejercido originalmente. *Íd.* El Tribunal Supremo ha expresado que, en los casos en que la culminación efectiva requiera la intervención del tribunal, el nuevo término comenzará a contarse desde que el Tribunal emite una sentencia y esta adviene final y firme. *Íd.* págs. 496-497. De igual manera, ha precisado que una demanda presentada ante un tribunal sin jurisdicción o competencia interrumpe el plazo prescriptivo desde su presentación y causa que, comience a contar un nuevo término cuando el foro primario emite sentencia final y

---

[6] 31 LPRA sec. 9495.

firme. *Íd.* citando a *Durán Cepeda v. Morales Lebrón*, 112 DPR 623, 630 (1982).

En el caso de *Ross Valdón v. Hosp. Dr. Susoni et al.*, supra, el Tribunal Supremo pautó lo siguiente:

> **[C]uando una reclamación judicial interruptora se archiva sin perjuicio debido al incumplimiento con el emplazamiento de conformidad con lo dispuesto en la Regla 4.3(c) de Procedimiento Civil de 2009, *supra*, el término prescriptivo para incoar un reclamo judicial comenzará a decursar nuevamente cuando tal determinación advenga final y firme.** (Énfasis Nuestro).

### D. *Moción de Desestimación*

La Regla 10.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, faculta a la parte contra la cual se presente una alegación en su contra a presentar una moción de desestimación, por los fundamentos siguientes: 1) falta de jurisdicción sobre la materia; 2) falta de jurisdicción sobre la persona; 3) insuficiencia del emplazamiento; 4) insuficiencia del diligenciamiento del emplazamiento; 5) dejar de exponer una reclamación que justifique la concesión de un remedio, y 6) dejar de acumular una parte indispensable. *Inmob. Baleares et al. v. Benabe et al.*, 214 DPR 1109, 1128 (2024); *Blassino, Reyes v. Reyes Blassino*, 214 DPR 823, 833 (2024); *Costas Elena y otros v. Magic Sports y otros*, 213 DPR 523, 533 (2024); *Cobra Acquisitions v. Mun. Yabucoa et al*, 210 DPR 384, 396 (2022); *Rivera Sanfeliz et al. v. Jta. Dir. First Bank*, 193 DPR 38, 49 (2015); *Colón Rivera et al. v. ELA,* 189 DPR 1033, 1049 (2013). La precitada regla permite a la parte demandada presentar una moción de desestimación debidamente fundamentada previo a contestar la demanda instada en su contra. *Conde Cruz v. Resto Rodríguez et. al.,* 205 DPR 1043, 1065 (2020); *Casillas Carrasquillo v. ELA*, 209 DPR 240, 247 (2022). Cuando se presenta una moción de desestimación al amparo de la Regla 10.2(5), la desestimación pretendida se refiere a los méritos de la controversia y no a los

aspectos procesales del caso. *BPPR v. Cable Media,* 2025 TSPR 1, 215 DPR __ (2025).

Al momento de considerar una moción de desestimación, los tribunales están obligados a tomar como ciertos todos los hechos bien alegados en la demanda y, a su vez, considerarlos de la forma más favorable a la parte demandante. *Cobra Acquisitions v. Mun. Yabucoa et al,* supra, pág. 396; *Costas Elena y otros v. Magic Sports y otros,* supra, pág. 533; *Blassino, Reyes v. Reyes Blassino,* supra, pág. 833; *Casillas Carrasquillo v. ELA,* supra, pág. 247; *BPPR v. Cable Media,* supra; *Cruz Pérez v. Roldán Rodríguez et al.,* 206 DPR 261, 267 (2021); *Colón Rivera et al. v. ELA,* supra, pág. 1049. Luego, le corresponde determinar si, a base de los hechos aceptados como ciertos, la demanda establece una reclamación plausible que justifique la concesión de un remedio. *Costas Elena y otros v. Magic Sports y otros,* supra, pág. 534. Si el Tribunal entiende que no se cumple con el estándar de plausibilidad, se debe desestimar la demanda, pues no debe permitir que proceda una reclamación insuficiente bajo el pretexto de que se podrán probar las alegaciones conclusorias con el descubrimiento de prueba. *Íd.* Véase, además, R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil,* 6.a ed., San Juan, Ed. LexisNexis, 2017, pág. 307.

Es por lo que, para que proceda una moción de desestimación, "tiene que demostrarse de forma certera en ella que el demandante no tiene derecho a remedio alguno bajo cualquier estado de [D]erecho que se pudiere probar en apoyo a su reclamación, aun interpretando la demanda lo más liberalmente a su favor".[7] *Cobra Acquisitions v. Mun. Yabucoa et al,* supra, pág. 396; *Casillas Carrasquillo v. ELA,* supra, pág. 247; *Cruz Pérez v. Roldán Rodríguez,* supra, págs. 267-268; *BPPR v. Cable Media,* supra; *Díaz Vázquez et*

---

[7] *Ortiz Matías et al. v. Mora Development,* 187 DPR 649, 654 (2013*); López García v. López García,* 200 DPR 50, 69-70 (2018).

*al. v. Colón Peña et al.,* supra, pág. 1150; *Blassino, Reyes v. Reyes Blassino,* supra, pág. 833. Bajo este criterio, procederá la desestimación de la demanda si aun interpretando la reclamación de forma liberal, no hay remedio alguno disponible en el estado de Derecho. *Íd*; *BPPR v. Cable Media,* supra.

Nuestra más Alta Curia ha reiterado que, una demanda no deberá ser desestimada a menos que la razón para solicitar el remedio no proceda bajo supuesto de derecho alguno, ni pueda ser enmendada con el propósito de subsanar cualquier posible deficiencia. *Díaz Vázquez et al. v. Colón Peña et al.,* supra, pag. 1150.

Esbozada la normativa jurídica que enmarca la controversia de epígrafe, procedemos a aplicarla.

### III

En su primer señalamiento de error, la parte peticionaria sostiene que, el foro de primera instancia incidió al no adjudicar expresamente si la notificación requerida por el Artículo 1.051 del Código Municipal de Puerto Rico, *supra,* fue cursada dentro del término jurisdiccional de 90 días. Lo anterior, pese a que dicho planteamiento fue el argumento central de la moción de desestimación y constituye un requisito jurisdiccional cuyo incumplimiento priva al Tribunal de jurisdicción para adjudicar la reclamación.

Como segundo señalamiento de error, la parte peticionaria arguye que, el foro recurrido erró al confundir y tratar como equivalentes el análisis del término prescriptivo de la acción de daños con el requisito jurisdiccional especial de notificación previa al Municipio dispuesto en el Art. 1.051 del Código Municipal, siendo estos dos requisitos distintos, independientes y no intercambiables.

Por encontrarse intrínsecamente relacionados, discutiremos ambos señalamientos de error de forma conjunta.

Adelantamos que, le asiste la razón. Veamos.

Según reseñáramos, la parte recurrida interpuso una demanda sobre daños y perjuicios en contra del Municipio. Su causa de acción se basó en dos alegados eventos, el primero ocurrió el 25 de agosto de 2023, mientras que el segundo ocurrió del 8 al 10 de diciembre de 2023.

De acuerdo al derecho expuesto, cuando una persona tenga reclamaciones de cualquier clase contra un municipio por daños personales o a la propiedad, ocasionados por la culpa o negligencia de este, "**deberá presentar una notificación escrita dirigida al Alcalde, haciendo constar en forma clara y concisa la fecha, lugar, causa y naturaleza general del daño sufrido**".[8] La notificación deberá especificar "**la cuantía de la compensación monetaria o el tipo de remedio adecuado al daño sufrido, los nombres y direcciones de sus testigos y la dirección del reclamante, y en los casos de daño a la persona, el lugar donde recibió tratamiento médico en primera instancia**".[9] (*Énfasis suplido*).

El mismo artículo exige que, la notificación se entregue al Alcalde, se remita por correo certificado a la dirección designada por el municipio o por diligenciamiento personal, dentro de las horas laborables, y haciendo entrega de esta a su secretaria personal o personal administrativo expresamente autorizado a tales fines. Dicha notificación escrita **deberá presentarse dentro de los 90 días siguientes a la fecha en que el reclamante tuvo conocimiento de los daños reclamados**.[10]

El Código Municipal establece que, no podrá responsabilizarse ni iniciarse acción de clase alguna contra un municipio, en

---

[8] Art. 1.051 del Código Municipal de Puerto Rico.
[9] *Íd.*
[10] Art. 1.051(a) del Código Municipal de Puerto Rico.

reclamaciones por daños causados por culpa o negligencia, **a menos que el reclamante haga la notificación escrita, en la forma, manera y en los plazos de caducidad** dispuestos en su Art. 1.051.[11]

En el caso de marras, conforme ya señalamos, el primer evento donde surgió el daño alegado que dio paso a la reclamación de epígrafe, ocurrió el 25 de agosto de 2023. No fue hasta el 2 de marzo de 2024, que la parte recurrida remitió la notificación escrita sobre la intención de demandar al Alcalde y al Municipio. La parte recurrida contaba hasta el 23 de noviembre de 2023, para notificar su intención de presentar una reclamación en contra del Municipio. Como podemos observar, la parte recurrida no cumplió con el precitado Art. 1.051 del Código Municipal, al remitir la notificación fuera del término exigido.  Tal requisito es uno de índole jurisdiccional, y su incumplimiento priva al Tribunal de adjudicar la controversia.

Aunque el Tribunal de Primera Instancia soslayó el planteamiento de la parte peticionaria en cuanto al incumplimiento con el Art. 1.051 del Código Municipal respecto al primer evento, del propio expediente ante nuestra consideración surge que la recurrida no notificó dentro del término de 90 días. Por tratarse de un requisito jurisdiccional, procede la desestimación de la causa de acción por el evento ocurrido el 25 de agosto de 2023.

Cabe señalar que, en cuanto al evento ocurrido del 8 al 10 de diciembre de 2024, la parte recurrida notificó su intención de demandar dentro del término dispuesto por el aludido artículo. Consecuentemente, no procede la desestimación de dicha causa de acción.

---

[11] Art. 1.051(b) del Código Municipal de Puerto Rico.

En el último señalamiento de error, la parte peticionaria aduce que, la primera instancia judicial erró al concluir que la demanda previa presentada en el caso CG2024CV03004, produjo efectos interruptores de la prescripción respecto al Municipio, cuando en tal caso no se adquirió jurisdicción personal sobre el Municipio al no haberse perfeccionado el emplazamiento conforme a derecho.

Adelantamos que, no le asiste la razón. Veamos.

Conforme surge del tracto procesal, el **20 de agosto de 2024** la parte recurrida presentó una demanda por el evento ocurrido el 25 de agosto de 2023, y un segundo evento que dio lugar del 8 al 10 de diciembre de 2023. La aludida reclamación fue desestimada sin perjuicio mediante *Sentencia* **emitida el 28 de mayo de 2025** y **notificada el 30 de mayo de 2025**. Lo anterior, por motivo de que, expiró el término de 120 días sin que se hubiera acreditado el diligenciamiento de los emplazamientos conforme a la Regla 4.3(c) de Procedimiento Civil.

Posteriormente, el **14 de octubre de 2025**, la parte recurrida presentó la *Demanda* del caso de epígrafe contra el Municipio por los mismos hechos.

De acuerdo a nuestro ordenamiento jurídico, la prescripción es una institución de derecho sustantivo, no procesal, que constituye una de las formas de extinción de las obligaciones.[12] La reclamación para exigir responsabilidad extracontractual prescribe por el transcurso de un año, contado desde que la persona agraviada conoce la existencia del daño y quien lo causó.[13] Sin embargo, la prescripción puede ser interrumpida mediante el ejercicio de la acción ante los tribunales.[14] En tales instancias, se interrumpe y congela el término prescriptivo cuando la acción se presenta

---

[12] *Birriel Colón v. Econo y otro,* supra, pág. 95; *Ross Valdón v. Hosp. Dr. Susoni et al.*, supra, pág. 496.
[13] Art. 1204 del Código Civil de Puerto Rico, 31 LPRA sec. 9495.
[14] *Ross Valdón v. Hosp. Dr. Susoni et al.*, supra, pág. 495.

oportuna y eficazmente, de forma que el nuevo termino dará comienzo cuando culmine efectivamente el proceso judicial.[15] En estos casos, el nuevo término comenzará a contarse desde que el Tribunal emite una sentencia y esta adviene final y firme.[16] Una demanda interpuesta ante un tribunal sin jurisdicción o competencia interrumpe el plazo prescriptivo desde su presentación y causa que comience a contar un nuevo término cuando el foro primario emite sentencia final y firme.[17]

Pertinente al error señalado, el Tribunal Supremo determinó que, cuando una reclamación judicial que interrumpe el término sea archivada sin perjuicio de conformidad con lo dispuesto en la Regla 4.3(c) de Procedimiento Civil, el término prescriptivo para presentar un reclamo judicial comenzará a decursar nuevamente cuando dicha determinación advenga final y firme.[18]

La demanda presentada el 20 de agosto de 2024 tuvo el efecto interruptor del término prescriptivo de la causa de acción de la parte recurrida, pese a ser desestimada sin perjuicio por no acreditar el emplazamiento dentro del término dispuesto por la Regla 4.3(c) de Procedimiento Civil. Consecuentemente, el nuevo término prescriptivo comenzó a decursar el 30 de mayo de 2025, cuando el Tribunal de Primera Instancia notificó la *Sentencia*, la cual es final y firme. La parte recurrida presentó su reclamación dentro del término prescriptivo para así hacerlo. Por tanto, su reclamación en cuanto al segundo evento no está prescrita.

**IV**

Por los fundamentos que anteceden, se *expide* el recurso de *Certiorari* y se modifica el dictamen recurrido y así modificado, se confirma.

---

[15] *Íd.* pág. 496.
[16] *Íd.* págs. 496-497.
[17] *Íd.* citando a *Durán Cepeda v. Morales Lebrón*, supra, pág. 630.
[18] *Ross Valdón v. Hosp. Dr. Susoni et al.*, supra, pág. 497.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones